Hon. JAMES G. JOHNSON,
Hon. MAURICE H. DONAHUE,
Hon. R. M. WANAMAKER,  } Judges.
Hon. OSCAR W. NEWMAN,
Hon. THOMAS A. JONES,
Hon. EDWARD S. MATTHIAS,

---

## THE BOARD OF COMMISSIONERS OF MERCER COUNTY ET AL. v. DEITSCH ET AL.

*Error proceedings — Questions considered by reviewing court — Confined to errors challenged — Instructions to jury — Conflict of special findings with general verdict — Finding as to ditch — Section 6469, General Code — Final judgment cannot be entered on review, when.*

1. Under the well-established rule that the court of last resort will not consider questions, other than such as go to the jurisdiction of the subject-matter, which were not made in the trial court or assigned for error in the intermediate court, this court will not inquire whether in a given case the submission of interrogatories to the jury was competent where no objec-

tion was made to such interrogatories nor to the consideration of the answers thereto in either of the lower courts.

2. Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict. The evidence cannot be considered in determining such conflict.

3. In a proceeding in error from a judgment rendered in the probate court pursuant to the verdict of a jury in the trial of an appeal under Section 6469, General Code, which verdict was that "the ditch will be conducive to public health, convenience and welfare," the reviewing court is not authorized to reverse and enter a final judgment in favor of the adverse party upon the ground that the special findings of fact "in connection with the evidence" are inconsistent and irreconcilable with the general verdict.

(No. 14981 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Mercer county.

A petition in due form was filed with the county commissioners of Mercer county, praying for the location, deepening, straightening and tiling of a ditch upon the route therein described. Upon hearing and actual view, in all respects in accordance with the requirements of law, the county commissioners found that the improvement sought was necessary, would be conducive to the public health, convenience and welfare and a benefit to the lots and lands along the line thereof, and, further, that the route described was the best route; and ordered that the improvement proceed as provided by statute governing the same.

The defendants in error, Catherine Deitsch and others, appealed from the finding and order of the county commissioners to determine:

"1.   Whether said ditch will be conducive to the public health, convenience and welfare;

"2.   Whether the route thereof is practicable."

At the close of the trial and before the jury retired for deliberation the defendants in error submitted 30 questions, which, upon their request, the court directed the jury to answer, and accordingly answers thereto were returned by the jury and therewith the following verdict:

"1. We find that the ditch will be conducive to public health, convenience or welfare.

"2. We find that the route of said ditch is practicable."

A motion for judgment for defendants in error, notwithstanding the general verdict, was overruled, as was also a motion for a new trial, and judgment was entered on the verdict, which was affirmed by the court of common pleas.   Error was then prosecuted in the court of appeals, which held that "The special findings of fact by the jury, in response to the request of plaintiffs in error are in connection with the evidence inconsistent with the general verdict, and therefore irreconcilable with the general verdict, and the general verdict should be set aside.   And the court do find no other error in said record and proceedings in either of said courts below."

The court thereupon ordered the ditch proceeding dismissed and rendered final judgment for the defendants in error, to reverse which judgment the petition in error is presented in this court.

The defendants in error have filed a cross-petition in error, by which they present the ques-

tion of the validity of the action of the court of appeals, on June 25, 1915, upon the application of the defendants in error, directing that the entry reversing the judgment of the common pleas court be modified by entering the same as of date of May 12, 1915, which was the date of the filing thereof, instead of March 26, 1915, the date the decree was announced and opinion filed.

*Mr. John W. Loree* and *Mr. B. A. Meyers,* for plaintiffs in error.

*Mr. J. D. Johnson,* for defendants in error.

MATTHIAS, J. The defendants in error, by a cross-petition in error filed herein, question the validity of the action of the court of appeals altering the date of its journal entry, claiming that the court's action in that regard was without jurisdiction, and complain that but for such alteration of the entry the record would disclose that this court has not acquired jurisdiction of the case.

The rule has been so frequently stated and so universally recognized that judgments are under the control of the court which pronounces them, during the term at which they are rendered, that nothing further than a restatement of the rule and application thereof to this case seems necessary. It appearing that the judgment of the court of appeals reversing the common pleas was entered as of March 26, 1915, the date the decision was announced and opinion filed, whereas, by reason of delay occasioned by disagreement of counsel as to what the journal entry should contain, it was not

approved by the court until May 12, 1915, it was within the power of that court at any time during the term to order the entry of its decree as of the latter date.

The defendants in error, being aggrieved by the order of the county commissioners that the ditch improvement petitioned for be proceeded with, appealed to the probate court under favor of Section 6469, General Code, upon the questions whether such ditch will be conducive to the public health, convenience or welfare, and whether the route thereof is practicable. In accordance with the provisions of Section 6475, General Code, the premises along the route of the ditch were examined by, and evidence was submitted to, the jury upon the matters given it in charge by virtue of such appeal proceeding. At the close of the trial and before the jury retired for deliberation, the defendants in error submitted 30 interrogatories and requested the court to require answers thereto by the jury, which was done and answers accordingly returned. The verdict of the jury was a finding that the ditch will be conducive to the public health, convenience or welfare, and that the route of said ditch is practicable. It was contended by defendants in error, both in the trial court and in the reviewing court, that the special findings of fact were inconsistent with the conclusion of the jury that the ditch will be conducive to the public health, convenience or welfare, and, therefore, in that regard controlling the verdict. No contention is made, however, that the answer to any interrogatory is inconsistent with the finding that the route

of said ditch is practicable.    Neither the probate
court nor the common pleas was in accord with the
view urged by defendants in error, but the court of
appeals found that "Upon the question whether
the proposed ditch will be conducive to the public
health, convenience and welfare, the special find-
ings of fact by the jury  * * *  are in connec-
tion with the evidence inconsistent with the general
verdict, and therefore irreconcilable with the gen-
eral verdict, and the general verdict should be set
aside."

It is now contended by the plaintiffs in error that
the verdict to be rendered by the jury in such pro-
ceeding is in no sense a general verdict, but is itself
merely a finding of an ultimate fact from the con-
ditions disclosed by a view of the premises affected
by the proposed improvement and the evidence
adduced, and that, therefore, the submission of
these several interrogatories which call for a find-
ing of particular facts was unauthorized.    It
appears, however, that the plaintiffs in error
offered no objection whatever to such interroga-
tories, nor to any of them, nor to the direction of
the court that the jury answer them; neither does
it appear that plaintiffs in error objected to the con-
sideration of such answers in either of the courts
below.    An objection to their consideration is made
for the first time in this court, and it is now urged
that such interrogatories were improperly sub-
mitted and should not have been considered by the
court of appeals.    However interesting and at-
tractive the question thus presented may be, we
are of opinion that discussion and decision thereof

in this case are precluded by the rule that "Where a cause has been brought up for review from an intermediate court of appellate jurisdiction to the court of last resort, questions, other than such as go to the jurisdiction of the subject-matter, which were neither made in the court of first instance nor assigned for error in the intermediate court, will not be considered. Nor, with the limitation referred to, will a question which could have been, but was not, raised in the intermediate court be considered by the court of last resort." 2 Cyc., 676; *State* v. *Wirick,* 81 Ohio St., 343, and cases cited.

Necessarily assuming then, for the purposes of this case, that the verdict is a general verdict, the question arises whether, under the provisions of Section 11464, General Code, the special finding of facts is so inconsistent with such verdict as to control and authorize the court to disregard the verdict and render a judgment for the adverse party upon such special finding. The rule to be applied in reaching an answer to such question is very tersely stated in the case of *Davis* v. *Turner,* 69 Ohio St., 101, as follows: "To be inconsistent with the general verdict as contemplated by Section 5202, Revised Statutes [11464, General Code], it must appear that the special findings are irreconcilable, in a legal sense, with the general verdict; and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable."

It seems quite apparent that when the court of appeals came to apply this test to the special find-

ings in the instant case, the special findings stand-
ing alone were not regarded as sufficient to over-
come the general verdict, for that court looked to
the evidence and found that such special findings
"in connection with the evidence" were inconsistent
with the general verdict. In view of the finding
by that court that the record discloses no other
error, the question, whether, in considering a
motion for judgment on answers to interrogatories
notwithstanding the verdict, inquiry may be made
into the evidence, becomes quite pertinent.

In the case of *Gale* v. *Priddy,* 66 Ohio St., 400,
the court makes the observation that our statute
upon this subject is identical with that of the state
of Indiana, having been adopted from that state,
and, hence, that the settled construction there is
presumed also to have been adopted here.

The cases are quite numerous in which the
supreme court of Indiana has construed the
statutory provision here in question, and the hold-
ing has been uniform that, in considering whether
facts specially found are irreconcilable with the
general verdict, no inquiry can be made into the
evidence adduced on the trial. The decisions cover-
ing such question particularly in point are *Stevens*
v. *The City of Logansport,* 76 Ind., 498, and
*Shaffer* v. *Ryan,* 84 Ind., 140. From the opinion
in the former case we quote the following state-
ment, at page 501, which we find particularly ap-
plicable to this case: "The question to be decided
is not whether, in the light of the evidence adduced,
the general verdict is inconsistent with the facts
found; the remedy in case of such an inconsistency

is a new trial. But, upon the motion for judgment *non obstante,* the general verdict prevails over the special findings, if there could have been, under the issues, proof of supposable facts, not inconsistent with those specially found, sufficient to sustain the general verdict; or, in other words, sufficient to reconcile the general verdict with the special answers."

Unquestionably such rule should be applied in a case of the character of the one now under consideration, which is a special proceeding provided by statute whereby the particular questions upon which appeal is taken from the order of the county commissioners may be submitted to and determined by a jury, not alone upon the evidence adduced in court, but from a consideration of the physical conditions along the line of the proposed improvement, disclosed by an actual view of the premises, authorized by the statute governing such proceeding. Indeed, the information acquired by such view may be most influential, if not absolutely controlling, in the consideration of the special matters submitted to the jury.

Our next question is whether the special findings alone are so inconsistent with the general verdict as to be irreconcilable therewith. We deem it unnecessary to set out in detail these several interrogatories and answers. It is sufficient to state that in answer to certain questions the jury found that the public highway crossed by said improvement would be afforded better drainage thereby; that within four rods of the proposed ditch there is a swale on each of two farms which would be

drained; that the present ditch is not deep enough
to carry off the surplus water which gathers along
the line, permitting water to stand and become
stagnant upon four different farms, and that the
proposed ditch would conduce to the public health
by doing away with such stagnant water.  Upon
an inquiry as to whether these special findings of
the jury support a conclusion that the proposed
ditch will be conducive to the public health, con-
venience or welfare it is proper to consider what
is meant by such terms.  "Conduce" means only to
contribute to a result; hence, in order to support
the verdict of the jury, it is essential only that it
appear that such improvement will contribute to or
promote the public health, convenience or welfare.
It was held by this court in the early case of
*Chesbrough* v. *Commissioners,* 37 Ohio St., 508,
that it is not essential that the public at large shall
be benefited, but only that part of the public affected
by want of proper drainage.  The court in that
case observed that the injury from want of drain-
age and the benefits derived from a ditch are neces-
sarily local in their nature, and it was there held
that if the proposed ditch would be conducive to
the health, convenience or welfare of the neighbor-
hood through which it would pass, that was suffi-
cient to authorize its construction.  The rule there
stated has been approved and applied in the later
case of *The Lake Erie & Western Rd. Co.* v. *Com-
missioners of Hancock County,* 63 Ohio St., 23.

The finding of the jury from the evidence ad-
duced and their view of the premises that the pro-
posed improvement would drain swales and stag-

Opinion, per MATTHIAS, J.

nant water that would otherwise stand upon the land in the vicinity of the line of said improvement fully supports the conclusion announced in their verdict.

Although in response to other interrogatories the jury returned answers which tend to show a lack of necessity for the proposed ditch improvement and eliminate from consideration certain facts which, had they been found otherwise, could also have been urged as supporting the claim that the ditch would be conducive to the public health, convenience or welfare, yet it is quite apparent that facts were found which are in entire accord with the verdict of the jury, and when taken together the special findings of fact are not irreconcilable with and repugnant to, but on the contrary fully support, the general verdict.

It follows that the court of appeals was in error in entering a final judgment for the plaintiffs in error in that court. Such judgment is therefore reversed and that of the common pleas and probate courts affirmed.

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANAMAKER, NEWMAN and JONES, JJ., concur.