## LOVE v. LOVE.

*Divorce—Vacating decree during term—Jurisdiction—Effect of remarriage.*

1. A decree granting a divorce may, in the court's discretion, for good cause, be opened up and vacated during the term wherein the decree was rendered.

2. Whether the remarriage of either party upon the faith of the decree would affect the jurisdiction of the court over the divorce decree during the judgment term was not involved.

(Decided December 22, 1922.)

ERROR: Court of Appeals for Darke county.

*Mr. John F. Maher* and *Mr. Denver C. Harlan,* for plaintiff in error.

*Messrs. Mannix, Crawford & Billingsley,* for defendant in error.

BY THE COURT. The defendant in error brought suit in the court below for divorce. Service was had by publication and by mailing a copy of the notice and petition to the defendant.

October 30, 1920, the defendant being in default, the case was heard on the petition and the evidence. The court found in favor of the plaintiff, decreed a divorce upon the ground of gross neglect of duty, and barred the defendant of all interest in the plaintiff's real estate. December 31, 1920, upon motion of the defendant, the trial court at the judgment term vacated the judgment and granted defendant leave to file an answer and cross-petition. The answer and cross-petition were thereupon filed.

June 2, 1922, at a subsequent term, the trial court upon motion of the plaintiff vacated the order and judgment of December 31, 1920, upon the ground that the court was without jurisdiction to vacate the judgment of divorce. The court also struck the answer and cross-petition from the files, thereby in effect denying any hearing upon the property questions.

The court was clearly in error in refusing to hear the questions of property. *Bay* v. *Bay,* 85 Ohio St., 417; *Weidman* v. *Weidman,* 57 Ohio St., 101, and *Mathers* v. *Mathers,* 15 C. C. (N. S.), 413, affirmed by supreme court, 88 Ohio St., p. 554.

The question, however, as to the right of the court to vacate the decree of divorce, is not so clear.

Under many of the former decisions of the supreme court there was a certain finality accorded to a decree for divorce. This finality in the first instance was based upon a statute. Later on the statute was repealed, but the supreme court still accorded finality to the decree of divorce upon the grounds of public policy. (*Parish* v. *Parish,* 9 Ohio St., 534.) This ruling has been recognized as late as the case of *Bay* v. *Bay, supra.*

The case of *Zonars* v. *Zonars,* 101 Ohio St., 518, we think constitutes a new departure. The *Zonars case* is not reported in full, but the effect of it is necessarily to destroy the finality of the judgment of divorce as established in the case of *Parish* v. *Parish.* Since the *Zonars case,* we think it necessarily follows that a decree for divorce stands upon the same basis as any other judgment of the court of common pleas and is subject

to those modes of relief which have been recognized in other cases against judgments entered in that court. The *Zonars case* has been followed by the cases of *Cox* v. *Cox,* 104 Ohio St., 611, and *Wells* v. *Wells,* 105 Ohio St., 471.

In the *Wells case* there was a motion for new trial filed within the statutory time, and, while the right to file a motion for new trial was not in issue, yet the court does not assume to question the right to do so.

The same line of reasoning would sustain the right of the trial court in its discretion to open up a judgment and decree of divorce during the trial term. *Commissioners* v. *Deitsch,* 94 Ohio St., 1.

The trial court therefore had jurisdiction to open up the decree of divorce within the trial term, and as there is no showing of abuse of discretion the judgment and order of December 31, 1920, were valid.

What the rule might be in a case where the status of a party had been changed on faith of the divorce is not presented, and is not decided.

The order, therefore, of June 2, 1922, vacating the judgment and order of December 31, 1920, and striking the answer and cross-petition from the files, was erroneous, and is hereby reversed and vacated, and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

Ferneding, Kunkle and Allread, JJ., concur.