Wanamaker, J.
Lansinger brought suit against the Mason Tire & Rubber Company upon one specification of negligence which appears in the third amended petition as follows:
“Plaintiff further says that said injuries were the direct and proximate result of the gross negligence, carelessness, and unlawful conduct of defendant in this, to-wit:
*378 “First. In and about failing and neglecting to warn plaintiff of the presence and position of said explosive substance, as aforesaid.”
Plaintiff had already pleaded the presence of a large amount of explosive in the benzol tank building, which he averred constituted a hidden danger, known to the defendant, but unknown to the plaintiff.
He further pleaded in connection with the failure to warn that such warning “be given in sufficient time to permit the plaintiff to have sought a place of safety.”
The presence of the explosive in the building of the defendant company, near where the plaintiff was operating the fire apparatus of the Kent Fire Department, was admitted on both sides. Clearly under the record it was known to the defendant company; clearly, likewise, it was unknown to the plaintiff, unless there was a warning or notice given him of the presence of such explosive.
Upon trial the jury returned a verdict in favor of the plaintiff against the defendant company. Motion for new trial was filed, claiming, among other things, that the verdict was against the weight of the evidence. The trial judge overruled that motion. The same contention was made in the Court of Appeals, which court affirmed the judgment below. The verdict of the jury could not have been found as returned unless the jury found negligence upon the part of the Mason Company in failing to give tho notice and warning in sufficient time to permit the plaintiff to seek a place of safety. Upon that proposition the court charged:
“If you should find that such notice, warning, or information was given, as I have indicated to you, *379 then the plaintiff would not be entitled to recover. On the other hand, if you should find that such a warning, or notice or information was not so given, then on that branch of the case your finding would be in favor of the plaintiff.”
As to the time within which the warning or information was to be given, the court charged:
“If he was in a place of danger, such warning to be given before the explosion and in sufficient time to have permitted the plaintiff to have sought a place of safety.”
No error is seriously claimed in the court’s statement of the issues, or of the law, in its charge upon the issues, but the one ground of error most strongly contended for is that the court failed to give the interrogatories submitted by the defendant. Those interrogatories are as follows (Record, 624):
“Requests for Findings on Question of Fact.
“Now comes the defendant and in writing requests the court to instruct the jurors, if they render a general verdict, specially to find upon each of the following particular questions of fact herein stated in writing, and to direct a written finding thereon, to-wit:
“1. After the arrival of the firemen on defendant’s premises at the time and place in question, were reasonable warnings given by defendant, its officers or employees, to those around or near the benzol tank building of the danger from the benzol tank?
“2. If so, did the plaintiff hear such warnings?
“3. Was a warning given to move the Kent fire truck from its position near the benzol tank building?
*380 “4. If so, how far was the Kent fire truck moved? “(Notation by court, made after general charge: Above requests refused by the court, to which refusal the defendant excepted.)”
Section 11463, General Code, reads:
“When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.” Section 11464, General Code, reads:
“When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.”
What is the scope of the language, “find upon particular questions of fact,” as found in Section 11463?
One of the early cases considering this section is Schweinfurth, Admr., v. C., C., C. & St. L. Ry. Co., 60 Ohio St., 215, 54 N. E., 89, where it is held: “It is not the purpose of Section 5201, Revised Statutes [General Code, Section 11463], * * * to require special findings of merely evidential facts.” This ease was distinguished in Gale v. Priddy, 66 Ohio St., 400, 64 N. E., 437, which in the syllabus makes this modification:
“Yet questions the answers to which establish probative facts from which an ultimate material fact may be inferred as a matter of law, should be allowed. * * * The Cleveland & Elyria Electric R. R. Co. v. Hawkins, 64 Ohio St., 391, approved and followed.”
*381 From the foregoing it appears that the ultimate material fact to he inferred from the answer of the jury is to be inferred “as a matter of law,” so that the doctrine announced in the Schweinfurth case, supra, still stands—that it must be an ultimate and determinative fact, which, as found, is inconsistent with the general verdict. See, also, Davis v. Turner, 69 Ohio St., 101, 68 N. E., 819; Bd. of Commrs. of Mercer County v. Deitsich, 94 Ohio St., 1, 113 N. E., 745; and Walsh v. Thomas’ Sons, 91 Ohio St., 210, 110 N. E., 454. In the latter case Section 11464, General Code, is reviewed. Judge Jones, in his opinion, on page 217, of 91 Ohio St., on page 455 of 110 N. E., uses this language:
“The purpose of the section was to give either party in the case the right to demand, uninfluenced by the action of the court, an answer upon a controlling issue without regard to the general verdict.”
Again, at page 215, of 91 Ohio St., at page 455 of 110 N. E., Judge Jones says:
“Whenever a proper special finding is submitted to the jury upon a controlling, ultimate fact, the statute makes it the imperative duty of the court to submit such question for their determination.”
Did the court err in refusing to submit these special interrogatories, and was such error prejudicial to the Mason Company? It will be observed that the two inquiries in question, Nos. 1 and 2, used the language, “were reasonable warnings by the defendant.”
It is obvious that the language of Section 11463, General Code, headed “Finding on Questions of Fact,” relates, as the context shows, not merely to a fact that may be testified to by a witness as evi *382 denee, or, in short, an, evidentiary fact, but to a “particular question of fact.” And the particular question of fact must be a controlling fact.
Now, suppose a witness were on the stand and he were asked the question: Was any warning given in your presence or hearing? Counsel for the other side would properly object. Why? Because the word “warning” in itself would involve a conclusion. The witness might testify as to what was said, or what was done, in his hearing and presence, but whether or not such was a warning would be a conclusion gathered from the evidence. This is especially true when the word “warning” is qualified by the word “reasonable.” What is or is not “reasonable warning” is doubly a conclusion under all the facts and circumstances of the case—the language used, the conduct, the tone of voice, the facts and circumstances surrounding the same, the time of giving the warning, and whether or not it was seasonable, so as to give the party warned an opportunity to act upon the warning in order to save himself. It is perfectly analogous to the language “reasonable signal,” “reasonable notice,” “reasonable care,” or “reasonably necessary.” Clearly these terms do not refer to “particular questions of fact,” but to conclusions drawn from various evidentiary facts.
Suppose again the issue were whether or not a reasonable signal or a lawful or statutory signal were given at a public crossing by a railway locomotive. Clearly, the engineer or fireman would not be permitted to testify directly as to whether or not a reasonable signal, or the statutory signal, was given. Why? Because that would be a conclusion *383 to be drawn from what was done, where it was done, how long or how loud it was done, and all the facts and circumstances dependent upon the situation generally, its dangers, obstructions, and the like. Whether or not such reasonable signal or statutory signal was or was not given is not a “particular question of fact,” but a conclusion to be drawn from evidentiary facts.
The last expression of our court on the matter of interrogatories under the section here involved, Section 11463, General Code, is that of Brier Hill Steel Co. v. Ianakis, 93 Ohio St., 300, 112 N. E., 1013. The per curiam opinion contains this language:
“The jury, in addition to its.general verdict, returned its answers to interrogatories submitted, only three of which need now be stated. The first two were submitted upon the request of the McKeesport Steel Construction Company and the last on the request of the plaintiff in error. These interrogatories, with answers returned by the jury, are as follows:
“ ‘Was the negligence either of one or both of the cranemen the sole proximate cause of the plaintiff’s accident and injuries?’ ‘No.’
“ ‘Did the plaintiff after climbing the column and coming up between the rails of the two crane tracks, probably throw his left leg across the old crane tracks, and remain sitting or resting there in that position before the accident and until he was injured by the old crane ? ’ ‘ No. ’
“ ‘Was the plaintiff negligent in any degree directly and proximately contributing to his accident and injuries?’ ‘Yes.’
“The first interrogatory need not be considered, *384 because the answer thereto is clearly consistent with the general verdict; the jury having found that the injury to Ianakis resulted proximately from the negligence of both defendants.
“In requesting a submission of the interrogatory last above stated to the jury, counsel for plaintiff in error asked the court to instruct the jury, if they rendered a general verdict, ‘specially to find upon the following question of fact.’ This interrogatory was submitted in pursuance of Section 11463, General Code, which provides:
“ ‘When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon.’
“This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court. Such instruction and finding as are contemplated by the statute authorizing the submission of interrogatories, are well illustrated by the second interrogatory above stated and its answer. An affirmative answer thereto would undoubtedly have been controlling and would have required a judgment for plaintiff in error. The answer given, not constituting a special finding upon a particular question of fact, was properly disregarded by the trial court, and consequently the action of the court of appeals, affirming the judgment of the court of com *385 mon. pleas entered upon the general verdict, is affirmed.”
This language of our court, delivered, in 1915, is so self-evident in its application of the doctrine of the law laid down in Section 11463 that it would seem no further reasoning or citations are necessary.
The language of the statute, “specially to find upon particular questions of fact,” does not include or in any wise refer to conclusions of fact, either general or special in their nature or form.
We hold, therefore, that the interrogatories submitted by the defendant below were not authorized by Section 11463, General Code, and the court’s failure to give them was therefore not error.
We find no error in the record, and the judgment below is affirmed.

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur.