ANNA O'BRIEN, PLAINTIFF, v. WILLIAM STAIGER, DEFENDANT.

Decided November 19, 1923.

**Negligence—Landlord—Injury Through Leaky Roof—Form of Complaint—Motion to Strike Out.**

On motion to strike out complaint.

Before Justices KALISCH and KATZENBACH.

For the motion, *Moore & Butler* (*Clarence E. Cole* of counsel).

*Contra,* *William Elmer Brown, Jr.* (*George A. Bourgeois* of counsel).

PER CURIAM.

On behalf of the defendant it is moved to strike out the complaint upon the ground that it does not disclose a cause of action.

The specific grounds upon which the motion is based are as follows:

"1. Because the complaint states no cause of action, in that it does not allege that at the time of the alleged injury there was any relationship of landlord and tenant between the plaintiff and defendant, respectively, or that the defendant owned the building whereby the defendant owed any duty to the plaintiff in the premises.

"2. Because it does not appear upon the face of the complaint that the alleged negligence of the defendant was the proximate cause of the injury to the plaintiff.

"3. Because it appears on said complaint that the plaintiff was guilty of contributory negligence contributing to her injury."

A motion to strike out a complaint is in the nature of a general demurrer. A general demurrer admits the truth of all facts which are well pleaded.

The complaint sets out that the defendant was the owner of an apartment-house in Atlantic City known and designated as the Arnold Apartments; that the defendant let to the plaintiff a fully furnished apartment "having linoleum for its floor covering in the kitchen," which was furnished and laid by the defendant; that the defendant "was in control and charge of the roof of the said building;" that on or about October 3d, 1921, and for a long time prior thereto the roof "became out of order, dilapidated and in a dangerous condition and out of repair," of which the defendant had notice; that "on one or more occasions prior to October 3d, 1921, the defendant having knowledge of the leaky condition of the roof attempted to repair it, but did so in such a careless and negligent manner that said roof was never completely, fully or properly repaired, as defendant well knew;" that the "defendant well knowing the leaky condition of the roof and of the careless attempts made by him to repair the same and well knowing that said roof had never been completely, fully or properly repaired, negligently and carelessly permitted the same to remain out of repair, and through defendant's carelessness and negligence in so doing, rain came through the said roof and through the ceiling of the apartment occupied by plaintiff as *tenant of the said defendant,* dropping to the floor of the kitchen of said apartment and upon the linoleum covering thereof, so laid thereon by the defendant aforesaid, and gathered upon said linoleum in puddles, and while said kitchen floor was in that wet condition during and immediately following a rain storm, plaintiff entered said kitchen, as she was accustomed to do, and in a careful manner stepped upon said floor where the same was covered with water which had leaked through the roof and ceiling and because of said water upon said linoleum, so collected as aforesaid, plaintiff slipped and fell to the floor and became severely wounded," &c.

Applying the legal rule to the motion to strike out the complaint that thereby the defendant admits the truth of all the facts which are well pleaded, we cannot properly reach any other result than that the complaint discloses a legal cause of action. From the facts and circumstances disclosed by the complaint it is inferable that it was the wrongful act of the landlord, without any independent intervening cause, which produced the plaintiff's injury. But be this as it may, it seems to us that the question of causal connection between the wrongful act of the defendant and the plaintiff's hurt is rather for the decision of a jury than a court.

It is further argued that the complaint shows contributory negligence on part of the plaintiff which negligence debars her right of recovery. Of course there could be no contributory negligence unless there was negligence on part of the defendant to which the alleged negligence of the plaintiff contributed.

Now the defendant, by his motion to strike out, admits it was because of the water which leaked through the roof and ceiling and collected on the linoleum covering the kitchen floor, the plaintiff who in a careful manner stepped upon it slipped and fell, &c. Surely this does not show negligent conduct, but on the contrary shows care and caution.

The motion to strike out is denied, with costs.