Allen J.
 

 Plaintiff in error maintains that the answers to the interrogatories, when construed together, are consistent with the general verdict, -and that therefore the general verdict in favor of the plaintiff below should be sustained. She also urges that the Court of Appeals considered the evidence when construing the interrogatories in connection with the general verdict, and therein committed error.
 
 Board of Commissioners of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 113 N. E., 745. It has been heretofore held by this court, in cases involving the liability of a landlord for injuries arising from'a defective condition of the premises, that when a landlord is out of possession and control of the premises he is not liable for such injuries.
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584. When, however, the owner of premises has retained possession and control thereof, as in the case of a common porch and stairway maintained and controlled by the landlord for the use of several tenants of his building, the landlord is in general liable for injuries arising from his neglect to keep the same in proper repair.
 
 Davies, a Minor,
 
 v.
 
 Kelley,
 
 112 Ohio St., 122, 146 N. E., 888. The general case law ex-' tends this doctrine to roofs. 16 Ruling Case Law,
 
 *364
 
 1039, Section 558; 36 Corpus Juris, 217;
 
 Payne
 
 v.
 
 Irvin,
 
 144 Ill., 482, 33 N. E., 756;
 
 Perry
 
 v.
 
 Levy,
 
 87 N. J. Law, 670, 94 A., 569;
 
 Wilcox
 
 v.
 
 Zane,
 
 167 Mass., 302, 45 N. E., 923;
 
 Noonan, Admr.,
 
 v.
 
 O’Hearn,
 
 216 Mass., 583, 104 N. E., 376;
 
 O’Connor
 
 v.
 
 Andrews,
 
 81 Tex., 28, 16 S. W., 628;
 
 Meyers
 
 v.
 
 Pepperell Mfg. Co.,
 
 122 Me., 265, 119 A., 625.
 

 Cases in which, the liability of the landlord was claimed to arise through the leaking of water through or over the roof are
 
 Polgar
 
 v.
 
 Kantor,
 
 3 N. J. Misc. R., 1122, 130 A., 732;
 
 O’Brien
 
 v.
 
 Staiger,
 
 1 N. J. Misc. R., 607, 129 A., 484;
 
 Gilland
 
 v.
 
 Maynes,
 
 216 Mass., 581, 104 N. E., 555.
 

 The general doctrine laid down in these cases is that the roof of a building which is divided into separate apartments, or separate leaseholds, stands upon the same basis as the passageways and staircases in common use by various tenants, so far as the landlord’s liability for negligence is concerned.
 

 The jury in this case returned a general verdict of $900 for the plaintiff. The interrogatories answered by the jury, together with the answers, are as follows:
 

 “Interrogatory No. 1: Did the defendants rent out to others the entire building as described in the Petition prior to and at the time of the happening of the accident on January 3, 1925? Answer: Yes. Interrogatory No: 2: Were the defendants out of possession and control of the entire building described in the Petition on January 3rd, 1925, by reason of the renting of said building? Answer: No.”
 

 The trial court should not have rendered judgment on the special findings of facts as against the general verdict unless such special findings, when
 
 *365
 
 considered together, were inconsistent and irreconcilable therewith.
 
 Board of Commissioners of Mercer County
 
 v.
 
 Deitsch, supra; Mason Tire & Rubber Co.
 
 v.
 
 Lansinger,
 
 108 Ohio St., 377, 140 N. E., 770. The evidence should not have been considered in determining such conflict.
 
 Board of Commissioners of Mercer County
 
 v.
 
 Deitsch, supra.
 
 The conflict must be clear and irreconcilable.
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 68 N. E., 819.
 

 Proceeding to consider the question whether the answers to the above interrogatories were inconsistent with the general verdict in favor of the plaintiff, we are compelled to agree with the plaintiff in error that they can be reconciled with the general verdict. The answer that the defendants rented out the entire building to
 
 others
 
 before the happening of the accident is reconcilable with the hypothesis that the landlord retained possession and control of a common roof in a building rented to various tenants. The use of the/plural in the word “others” is not reconcilable with the theory that the building was rented to one tenant only. The answer to the second interrogatory is concededly reconcilable with the general verdict.
 

 However, we must affirm the judgment of the Court of Appeals upon another ground. The petition in error filed in the Court of Appeals, in addition to setting up that the trial court “erred in granting the motion filed by defendants below for judgment notwithstanding the verdict,” set up that “the judgment is contrary to the law and the evidence.” The journal entry of the Court of Appeals states:
 

 “On consideration'of all the assigned errors, the
 
 *366
 
 court being of the opinion that substantial justice has been done the party complaining, the judgment of said Court of Common Pleas is affirmed. ’ ’
 

 The Court of Appeals did not specify upon what particular ground it affirmed the judgment of the court of common pleas, but, if its judgment was correct upon any of the assignments of error advanced in the Court of Appeals, it should be here affirmed.
 

 Plaintiff in error urges, and the opinion of the Court of Appeals shows, that the Court of Appeals considered the evidence and decided that there was no evidence to sustain the claim of the plaintiff below that the building at the time of the accident was in the control and possession of the landlord. Under the holding of the
 
 Deitsch case, supra,
 
 plaintiff in error maintains that the Court of Appeals had no right to consider the evidence, and should only have considered the answers to the interrogatories, together with the general verdict. However, since the plaintiff in error herself raised the question that the judgment against her was contrary to the evidence, the Court of Appeals necessarily had to consider that question, and it will be assumed that the Court of Appeals, in arriving at its decision, considered the evidence presented in the record upon the question whether- the judgment below was contrary to the law and to the evidence, and not in connection with the answers to the interrogatories. Under this assignment of error, the judgment below could not rightly have been entered against the plaintiff if some evidence had been introduced tending to show that the roof of the building was used in common, and hence was in the possession and control of the landlord.
 
 Davies
 
 v
 
 Kelley, supra.
 
 No evidence was
 
 *367
 
 adverted to tending to show that there were various tenants of various parts of the building, or that there was more than one tenant or lessee. If any such evidence existed in the record, the burden was upon the plaintiff in error to produce it in this court. But no such evidence was produced, the plaintiff in error deciding not to print'the testimony. Hence the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., concurs in the judgment.
 

 Day, J., not participating.