POLAND *v.* WUEST ET AL., PARTNERS, D. B. A. WUEST PENROD PANEL CO.

(Decided June 2, 1930.)

*Mr. Joseph B. Kelley,* for plaintiff in error.
*Messrs. Bolsinger & Black,* for defendants in error.

Ross, J.   This case comes into this court on error to the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered for the plaintiffs, Joseph J. Wuest and others, partners.

The amended petition alleges that the defendant in error partnership rented the ground floor of a building from Florence R. Poland, plaintiff in error; that plaintiff in error retained control over the heating and plumbing of said building; that another tenant occupied the fifth floor of the building; and that the intervening floors were vacant; that plaintiff in error negligently permitted the temperature of said building to fall below freezing point, and that the water line running up through the building to the fifth floor froze and the pipes burst, and that the water was released, flowed down through the building on the property of the defendants in error, and caused the damage.

The answer alleged that defendants in error occupied the first or ground floor under a lease, and that the relationship of the parties was defined wholly by this instrument, and generally denied all allegations in the amended petition.

The evidence showed that the defendants in error

occupied under the terms of a written lease the first or ground floor of the building of plaintiff in error, and had a valuable stock of goods therein located, which was damaged by water flowing out of a bursted pipe in the premises of the tenant on the fifth floor of the building, used only for storage; that the break was caused by the water in the pipe at the freezing point.

The only reference to the heat of the building in the lease was as follows: ''Lessees to pay for steam heat if needed, the price to be agreed upon between lessor and lessees later.''

There was no agreement to heat the building.

There was evidence that the water in the entire building could be cut off in the basement and also in the premises of the fifth floor tenant.

There was evidence that when the leaking water was discovered the employees of plaintiff in error forced an entrance into the premises occupied by the tenant on the fifth floor.

At the conclusion of the evidence and before argument, counsel for plaintiff in error presented five special instructions to the court, all of which were refused. The first of these instructions was proper, and the court committed prejudicial error in refusing same. It is as follows: ''The jury is instructed that if you find the water which came down upon plaintiffs' panels or merchandise originated or came from an overflow or break in the water pipes on the fifth floor of the Poland Building caused damage to plaintiffs' merchandise on the first floor, and you further find that at the time the entire fifth floor of the Poland Building was in the exclusive possession and control of another tenant of the Poland

Building, then I charge you that your verdict must be for the defendant.''

This error is sufficient to cause us to reverse the judgment.

The court also refused to give to the jury six interrogatories presented by counsel before argument. The court said: ''These special charges and interrogatories will be refused for the reason that they were not submitted in time for the Court to consider them, and because they were not submitted until after the motion had been overruled and until after the jury had returned to the court room and the Court had insufficient time to consider either the special charges or the interrogatories.''

These reasons were not sufficient to warrant the refusal to give either instructions or interrogatories. The refusal to give the interrogatories is not available error, however, since the record fails to show that counsel for plaintiff in error reserved his exceptions to such refusal.

There was no evidence that the plaintiff in error was in control of the premises when the break in the pipe occurred. There was no proof that the plaintiff in error had contracted to heat the premises. On the other hand, there is ample evidence that she was out of control, having rented such premises—the fifth floor—to an independent tenant who had entire control and custody of a cut-off located upon the fifth floor, by which the water could be turned off.

The water in the pipes within the control of the plaintiff in error did not freeze; nor did any pipes within her control burst.

It is manifest also that defendants in error recognized that the real liability for the damages was

upon the cotenant, for in a letter to the agent of the plaintiff in error, under date of December 12, 1927, they said: "We are not relinquishing any rights, however, we may have against the tenant of the 5th floor for damages and this letter is to be taken without prejudice to any rights we may have."

We consider the cases of *Shindelbeck* v. *Moon,* 32 Ohio St., 264, 30 Am. Rep., 584; *Prendergast* v. *Ginsburg,* 119 Ohio St., 360, 164 N. E., 345; *Goodall* v. *Deters,* 121 Ohio St., 432, 169 N. E., 443, conclusive, and under the facts the motion by the plaintiff in error for an instructed verdict should have been granted. The judgment of the court of common pleas will therefore be reversed, and judgment will be entered for the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

CUSHING, P. J., and HAMILTON, J., concur.