BURCHETT, APPELLANT, *v.* ATLAS FLOORING CO. ET AL., APPELLEES.

(No. 281—Decided January 11, 1966.)

*Messrs. Mitchell & Tobin* and *Mr. Warren E. Souers,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd,* and *Mr. Donald B. Ruben,* for appellee Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

GRAY, J. This matter is before this court on appeal from a judgment of the Common Pleas Court of Washington County.

The record shows that decedent worked as a lumber sticker for Atlas Flooring; that he was a man of uncommon energy, as demonstrated by the fact that he worked six days a week for Atlas, and, after working hours, he performed his farm duties and, for a period of several years, walked seven miles a day to and from his work in Marietta. The record shows fur-

ther that previous to May 16, 1962, he was a particularly healthy man, in that the only medical attention he required during his married life was treatment for an injured finger.

Decedent was the father of thirteen children, three of whom, along with his widow, are his dependents.

The evidence further shows that decedent was injured on May 16, 1962, while employed at Atlas; that he went to work at Atlas May 17 and 18, under great pain and difficulty. The record shows that he was unable to work on the 19th, and on the 21st he consulted a doctor for the first time concerning this injury; and that he never worked again after May 18, 1962. He underwent an operation, was in and out of several hospitals, and died May 10, 1963.

Succinctly put, decedent was a healthy man before his injury, he did not have a well day since, and died less than a year thereafter.

The petition filed in this cause alleges, among other facts, that on May 16, 1962, John H. Burchett, now deceased, was employed by defendant, Atlas Flooring Company, and while in the course of his employment he sustained an injury to his back and ribs for which compensation and medical expenses were paid.

The petition alleges further:

"He was treated for the broken ribs and a fracture of the ninth dorsal vertebra which disabilities were sustained in the accident above described and suffered from progressive paraplegia. An operation was performed October 5, 1962, at which time a decompressive laminectomy was performed and it was discovered that he also suffered from myeloma. He died May 10, 1963, and his death at that time was a direct and proximate result of his injury due to the fact that his death was hastened by a considerable period of time because the injury produced an area of reduced resistance and caused the terminal development of the myeloma to occur at a substantially earlier time than it would have occurred had he not been injured. The injury as above described occurred in the course of and arose out of the decedent's employment for the above named employer and the death of the decedent was a direct and proximate result of his injury and the disabilities that arose therefrom. * * *"

Defendants filed what in effect is a general denial.

A trial was had to a jury which returned a general verdict in favor of plaintiff, and a judgment entry was filed on the verdict. When the case went to the jury, four interrogatories were submitted to it for its consideration. These interrogatories, together with the answers thereto, are as follows:

"1. Was the accidental injury suffered by John H. Burchett on May 16, 1962, the proximate cause of his condition of multiple myeloma? Answer: No.

"2. Did John H. Burchett sustain a fracture of the ninth dorsal vertebra at the time of his injury on May 16, 1962? Answer: Yes.

"3. Do you find that decedent, John H. Burchett, would have died about the same time regardless of whether he had an injury on May 16, 1962? Answer: No.

"4. Did John Burchett have a condition known as multiple myeloma before he was injured on May 16, 1962? Answer: No."

Thereupon, defendants filed a motion for judgment notwithstanding the verdict, for the reason that the defendants were entitled by law to judgment in their favor upon the special findings of the jury.

In their memorandum in support of their motion defendants claim that the general verdict for plaintiff should be set aside because the answers to special interrogatories numbers 1 and 4 were inconsistent with the general verdict.

On April 20, 1965, the trial court set aside the judgment on the verdict and rendered judgment in favor of the defendants.

The plaintiff filed notice of appeal and assigned as errors the following:

"1. In setting aside the general verdict of the jury in favor of plaintiff-appellant and in rendering judgment notwithstanding said verdict in favor of defendants-appellees.

"2. In finding that the answers of the jury to the interrogatories submitted were inconsistent with the general verdict.

"3. In striking the reason for the expert opinion expressed by plaintiff's medical expert at pages 73-75 of the bill of exceptions.

"4. In finding that there was not a shred of medical evidence which indicated the injury itself was the cause of the death of the decedent.

"5. In rendering judgment contrary to the general verdict of the jury and against the manifest weight of the evidence.

"6. Other errors apparent upon the face of the record."

The record shows that defendants made a motion for a directed verdict at the close of plaintiff's evidence and again at the end of the presentation of all the evidence. These motions were denied by the trial court. In our opinion these were correct rulings.

The test to be applied in ruling on a motion for judgment notwithstanding the verdict is the same test the trial court must apply in ruling on a motion for a directed verdict.

In considering defendant's motion the evidence is construed most strongly in favor of plaintiff. Upon reading the record, we are of the opinion that there was substantial evidence to support her case. The evidence was such that reasonable minds could reach different conclusions in regard thereto.

Neither the weight of the evidence nor the credibility of the witnesses was for the court's consideration in ruling on such motion. See *Ayers* v. *Woodard, Sheriff,* 166 Ohio St. 138.

Considering the above rules laid down by the Supreme Court, and the application thereof to the present factual situation, we are of the opinion that the trial court was in error in regard to the application thereof to the evidence introduced in this cause.

The court now wishes to address itself to the effect of the special interrogatories on the general verdict.

In order for the defendants to prevail upon this motion for judgment notwithstanding the verdict, all the allegations of the petition must be negatived by the special findings of the jury. This was not accomplished in the present case. The allegation concerning paraplegia was not negatived by any finding of the jury.

We wish to point out that there was considerable evidence concerning the paraplegic condition of decedent and the effects thereof upon him, so defendants had to be aware of this phase of the case and could have submitted an interrogatory on this subject, which they did not see fit to do.

Doctor Donald S. Williams, attending physician of decedent, testified as follows:

"Q. What caused his death, Dr. Williams? A. Death was primarily due to the paraplegia. They usually die of a kidney infection because of loss of control of the bladder, and I think it was a conglomeration of things that killed him. It wasn't the multiple myeloma particularly.

"Q. What was the name of the kidney condition? A. You call it pyelonephritis.

"Q. You say that played a part in his death, too? A. Definitely."

In other words, the interrogatories were not as broad as the case and certainly were not conclusive of the entire case as alleged in the petition. The Supreme Court, in *Prendergast* v. *Ginsburg*, 119 Ohio St. 360, said, in the first paragraph of the syllabus:

"Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict."

See, also, *McNess* v. *Cincinnati Street Ry. Co.*, 152 Ohio St. 269; *Ohio Fuel Gas Co.* v. *Ringler*, 126 Ohio St. 409; and *Davis* v. *Turner*, 69 Ohio St. 101.

Even if, as determined by the answers to interrogatories 1 and 4, John H. Burchett did not have a condition known as multiple myeloma before he was injured on May 16, 1962, and the accidental injury suffered by him on May 16, 1962, was not the proximate cause of his condition of multiple myeloma, the remaining allegations of the petition, not negatived by the findings of the jury in response to the interrogatories, would support the general verdict rendered for plaintiff. See concurring opinion of Taft, J., in *Tallmadge, Exr.*, v. *Robinson*, 158 Ohio St. 333.

Therefore, defendants' motion for judgment notwithstanding the verdict should not have been granted; and, instead, it should have been overruled, and the judgment on the verdict that had theretofore been entered in favor of plaintiff should have been permitted to stand.

The judgment of the Common Pleas Court is reversed, and the cause is remanded to that court for entry of judgment for

34

the plaintiff on the verdict and for further proceedings according to law.

*Judgment reversed.*

BROWN, P. J., and BRYANT, J., concur.

BRYANT, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.