DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nathan Gamble, appeals from the decision of the Summit County Court of Common Pleas which entered a judgment in favor of Appellees, the Summit County Department of Jobs and Family Services, Summit County, Daisy Alford-Smith, Sarah Kisner, and Christine Gardner-Marshall. We affirm.
 I. {¶ 2} On July 18, 2001, Mr. Gamble filed a complaint for employment discrimination against Appellees. Mr. Gamble asserted race and gender discrimination, retaliation, and breach of contract. Thereafter, discovery commenced. Appellees then filed a motion for summary judgment and Mr. Gamble responded in opposition. The court granted summary judgment to Appellees on Mr. Gambles' claims of breach of contract and retaliation.
 {¶ 3} The matter proceeded to a jury trial on the issues of race and gender discrimination. A verdict was returned and a judgment was entered in favor of Appellees. Mr. Gamble timely appealed, raising three assignments of error. Assignments of error one and two have been consolidated to facilitate review.
 II. First Assignment of Error
"The jury's interrogatory answers were inconsistent and were in violation of the instructions of law given to them by the trial court. The inconsistency of these answers resulted in an erroneous verdict."
 Second Assignment of Error
"The interrogatories provided to the jury contained incorrect or inaccurate statements of law which resulted in an erroneous verdict."
 {¶ 4} In his first two assignments of error, Mr. Gamble asserts that the jury interrogatories resulted in an erroneous verdict. Specifically, he maintains that the jury's answers to the various interrogatories were inconsistent, and that the interrogatories themselves contained incorrect and inaccurate statements of law. For the reasons stated below, we find that Mr. Gamble's assertions lack merit.
 {¶ 5} In Ohio, an objection to inconsistent answers to jury interrogatories is waived unless an objection is raised prior to the jury's discharge. Cooper v. Metal Sales Mfg. Corp. (1995),104 Ohio App.3d 34, 42. See, also, Napierala v. Szczublewski, 6th Dist. No. L-02-1025, 2002-Ohio-7109, at ¶ 17. This not only promotes the efficiency of trials, by permitting an opportunity for the inconsistencies to be reconciled without the need for another trial before a new trier of fact, but also prevents jury shopping by those who wait to object to an alleged inconsistency until after the jury is discharged. Greynolds v. Kurman (1993), 91 Ohio App.3d 389, 395;Napierala at ¶ 17. See Avondet v. Blankstein (1997),118 Ohio App.3d 357, 369; Romp v. Haig (1995), 110 Ohio App.3d 643, 647. If an objection is timely made, "then the trial judge has an opportunity to correct such inconsistency by: `1. returning the jury for further consideration of its answer; 2. entering judgment in accordance with the answer; or 3. ordering a new trial.'" Cooper, 104 Ohio App.3d at 42, quoting Haehnlein v. Henry (1987), 41 Ohio App.3d 233, paragraph one of the syllabus. See, also, Civ.R. 49(B).
 {¶ 6} The remedies provided to a trial judge cannot be exercised in total once the jury has been discharged. Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 61. "Therefore, any objections to interrogatories must be raised while the jury is still impaneled and the court has the full range of choices before it." Id., citing Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207.
 {¶ 7} In the present matter, the jury's answers to the interrogatories and general verdict were announced, and the jury was polled. Thereafter, Mr. Gamble's counsel was given the opportunity to further review the answers and general verdict. The judge then asked if there was "any reason why [the] jury should not be dismissed[.]" Mr. Gamble's counsel responded in the negative; he did not suggest that there was any inconsistency in the jury's answers to the interrogatories and the general verdict until he filed this appeal. Thus, Mr. Gamble's failure to raise the matter before the jury was discharged is considered waiver of the issue. See Szczublewski at ¶ 18.
 {¶ 8} Additionally, we note that the doctrine of plain error will not aid Mr. Gamble in this instance.
 {¶ 9} Errors that are not brought to the trial court's attention at the time when the error may be corrected or avoided are waived, absent plain error. Szczublewski at ¶ 25. In civil matters, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." (Emphasis omitted.) (Citations omitted.) Goldfuss v. Davidson,79 Ohio St.3d 116, syllabus, 1997-Ohio-401. See, also, LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124 (stating that the plain error doctrine should be used with the utmost caution and only under exceptional circumstances to prevent a manifest miscarriage of justice).
 {¶ 10} Mr. Gamble has failed to demonstrate such exceptional circumstances exist in the instant case. The plain error doctrine should not be applied to reverse a civil judgment in order to allow the presentation of issues which could easily have been raised and determined in the initial trial. See Goldfuss, 79 Ohio St.3d at 122. As the alleged inconsistency between the interrogatory answers in the present matter would have been clearly apparent, had Mr. Gamble's trial counsel simply examined the interrogatories, Mr. Gamble's assertions are not well taken. Accordingly, Mr. Gamble's first and second assignments of error are overruled.
 Third Assignment of Error
"The trial court erred by not permitting [Mr. Gamble] to offer evidence of Ohio law thereby prejudicing [his] case."
 {¶ 11} In his third assignment of error, Mr. Gamble contends that he was prejudiced by the court's refusing to allow him to present evidence of Ohio law at trial. Mr. Gamble alleges that "he would be more likely to convince the [j]ury that [Appellees'] actions were motivated by discriminatory intent" if he were able to introduce evidence concerning Ohio Adm. Code 123:1-29-01. We disagree.
 {¶ 12} The decision to admit or to exclude evidence is a matter left within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Columbus v. Taylor (1988),39 Ohio St.3d 162, 164. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621,1993-Ohio-122.
 {¶ 13} Upon review, we are unable to conclude that the court acted unreasonably or arbitrarily when it did not permit Mr. Gamble to provide the jury with a copy of the Ohio Administrative Code provision as the alleged relevant portions were testified to at trial. Accordingly, Mr. Gamble's third assignment of error is also overruled.
 III. {¶ 14} Mr. Gamble's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., Carr, J., concur.