[Cite as *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2017-Ohio-7846.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SETH NILES CROMER, MINOR CHILD, DECEASED, et al.

     Appellants

v.

CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON

     Appellee

C.A. No.     25632

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2008-07-4775

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

---

CARR, Judge.

{¶1} Appellants, Melinda Cromer, individually; and Roderick Cromer, Jr., individually and on behalf of their late son Seth; appeal from a judgment entered on a jury verdict for Children's Hospital Medical Center of Akron ("the hospital") on the Cromers' medical malpractice claim against it. Although this Court twice reversed the trial court's judgment, the Ohio Supreme Court reversed and remanded both of those decisions. *See Cromer v. Children's Hosp. Med. Ctr. of Akron*, 149 Ohio St.3d 1461, 2017-Ohio-5699; *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 270, 2015-Ohio-229, ¶ 45. Most recently, the Supreme Court remanded the case for this Court to consider the issue that was not addressed in the prior appeals because it had been rendered moot. Consequently, our review on remand will be confined to the remaining argument raised in the Cromers' third assignment of error.

I.

{¶2} The facts underlying this medical malpractice case, which were recited in more detail in this Court's prior decisions, involve the death of five-year-old Seth Cromer while he was a patient at the hospital. *See Cromer v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 25632, 2016-Ohio-7461; *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 25632, 2012-Ohio-5154. Seth's parents brought him to the hospital on the evening of January 13, 2007, suffering from an ear infection that appeared to have developed into a secondary infection. The hospital treated Seth in the emergency room and later in the pediatric intensive care unit, but he ultimately went into cardiac arrest and was pronounced dead at 4:05 a.m.

{¶3} The Cromers filed this medical malpractice action and, after several individual defendants were dismissed, the case proceeded to trial against the hospital. Although the expert witnesses agreed that Seth died from coronary failure, they disputed whether his heart failure was caused by an unknown, pre-existing heart defect or the hospital's failure to properly treat the septic shock that had developed from Seth's viral infection.

{¶4} After the presentation of evidence, the trial court submitted written interrogatories and general verdict forms to the jury. In response to the first interrogatory, the jury answered that the plaintiffs had not proven that the hospital was negligent. Although the jury had been instructed not to answer the remaining interrogatories if it found that the hospital was not negligent, it responded to an additional interrogatory that the hospital's negligence had not been the cause of Seth's death. The jury also returned a general verdict for the hospital. Without objection from the Cromers, the trial court accepted the jury's verdict and entered judgment for the hospital.

{¶5} The Cromers later moved for a new trial, asserting, among other things, that the jury interrogatories were inconsistent, but the trial court denied their motion. The Cromers appealed and raised three assignments of error. This Court originally sustained their first assignment of error and did not address the remaining assignments of error. *Cromer*, 2012-Ohio-5154, at ¶ 39. The Ohio Supreme Court later reversed and remanded that judgment. *See Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2015-Ohio-229.

{¶6} On the first remand from the Ohio Supreme Court, this Court sustained the Cromers' second and part of their third assignments of error, concluding that the judgment was against the manifest weight of the evidence and that the trial court erred in denying the motion for a new trial on that basis. *See Cromer*, 2016-Ohio-7461, at ¶ 28. After the second reversal and remand by the Ohio Supreme Court, this Court now addresses the remaining portion of the Cromers' third assignment of error.

II.

**APPELLANT'S ASSIGNMENT OF ERROR III**

THE COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION FOR A NEW TRIAL.

{¶7} The only issue remaining that this Court has not addressed is an alternative argument that the Cromers raised in their third assignment of error. Specifically, they asserted that the trial court should have ordered a new trial because the jury's answers to the special interrogatories were inconsistent.

{¶8} To begin with, although the Cromers moved for a new trial on this basis, they failed to timely raise the issue before the verdict was accepted and the jury was dismissed. Consequently, they have forfeited all but plain error. *Gamble v. Summit Cty. Dept. of Jobs and*

*Family Servs., Inc.*, 9th Dist. Summit No. 21450, 2004-Ohio-193, ¶ 7.  The Cromers have failed to argue or demonstrate plain error.

{¶9}    Civ.R. 49(B) provides, in relevant part, "[w]hen one or more of the answers [to written jury interrogatories] is inconsistent with the general verdict, * * * the court * * * may order a new trial."  "The purpose of an interrogatory is to 'test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict.'"  *Freeman v. Norfolk & W. Ry. Co.,* 69 Ohio St.3d 611, 613 (1994).  A court should attempt to reconcile the general verdict and interrogatory answers whenever reasonably possible.  *See generally Otte v. Dayton Power & Light Co.*, 37 Ohio St.3d 33, 41 (1988).  The prevailing party is not required to establish consistency between the verdict and a special interrogatory finding.  "Rather, the law makes it incumbent upon a party *challenging* a general verdict to show that the 'special findings, when considered together, are inconsistent and irreconcilable with the general verdict.'"  *Becker v. BancOhio Nat. Bank*, 17 Ohio St.3d 158, 163 (1985), quoting *Prendergast v. Ginsburg*, 119 Ohio St. 360 (1928), paragraph one of the syllabus.

{¶10}  The Cromers point to the fact that, after answering "No" to the first interrogatory about whether the hospital had been negligent, despite the trial court's instructions not to answer the remaining interrogatories, the jury completed the third interrogatory and responded that the Cromers had failed to prove that the hospital's negligence caused Seth's death.  They essentially assert that the interrogatory answers were internally inconsistent because the jury could not logically find a lack of causation for negligence that it found not to exist.

{¶11}  Although the jury answered the third interrogatory when it had been instructed not to, there was no inconsistency between the interrogatory answers and the general verdict.  The jury found that the Cromers had failed to prove negligence or causation, and entered a general

verdict for the hospital. The jury's special interrogatory findings of no negligence and no causation were wholly consistent with the general verdict for the hospital. *See Turner v. Elk & Elk, L.P.A.*, 8th Dist. Cuyahoga No. 96271, 2011-Ohio-5499, ¶ 66. Consequently, the Cromers have failed to demonstrate that the trial court committed any error, much less plain error, by denying them a new trial based on an inconsistency between the interrogatories and the verdict. The remaining issue raised through the Cromers' third assignment of error is overruled.

## III.

{¶12} The remaining portion of the Cromers' third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas rendering a general verdict for the hospital is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JACK MORRISON, JR., THOMAS R. HOULIHAN, and VICKI L. DESANTIS, Attorneys at Law, for Appellants.

GREGORY R. ROSSI and GREGG A. PEUGEOT, Attorneys at Law, for Appellee.