## Begley *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Evidence—Question for jury.*

In an action against a railroad company by an intending passenger to recover damages for personal injuries sustained at a station, the question of defendants' negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show that at the time of the accident a large crowd of excursionists had gathered at the station, that several hundred of them rushed across the tracks to the uncrowded side, that plaintiff was pushed along with the crowd, that when the excursion train pulled in there proved to be an insufficiency of cars, some of which were kept locked, that when the plaintiff was on the third track, and while attempting to get on to the excursion train, a freight train on the third track was run into the crowd and plaintiff was injured.

*Negligence—Railroads—Passengers—Station.*

Passengers are bound to enter a train at the appropriate place, usually indicated by the platform, and to remain in the waiting room of the station, or on the platform, according to the circumstances, until the train is ready. Cases in which an intending passenger is justified in leaving the platform and crossing tracks are exceptional.

*Appeals—Amount of verdict—Act of May* 20, 1891, *P. L.* 101.

The power of an appellate court under the act of May 20, 1891, to supervise verdicts as to their amounts is exceptional, and only to be exercised in very gross cases.

Argued Oct. 15, 1901. Appeal, No. 130, Oct. T., 1901, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1901, No. 38, on verdict for plaintiff in case of James C. Begley v. Pennsylvania Railroad Company. Before McCollum, C. J., Mitchell, Dean, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Doty, P. J., specially presiding.

At the trial it appeared that on July 18, 1900, plaintiff was injured while trying to get on an east-bound excursion train at the defendant's station at Johnstown. Prior to the accident a large crowd of excursionists had gathered at the station, and plaintiff was shoved or pushed across the track, and when he was on the third track, and while attempting to get on the excursion train which had in the meanwhile pulled in, he was run down by a freight train.

The court charged in part as follows:

[It is contended on behalf of the defendant that this plaintiff was guilty of contributory negligence, that without such negligence on his part, no matter how negligent the defendant may have been, there could have been no accident that morning. And as we gather the contention again on this point, it is that this plaintiff was negligent in two particulars: That he was in the station house and there was abundant room there for his accommodation, and, it is contended by the defendant, that the fact that he did not remain there until the train was ready for his reception was an act of negligence directly contributing to this accident. And applying the principle of the

law with respect to contributory negligence on part of the plaintiff, he ought not to recover. On the other side, the plaintiff contends there was no negligence in this fact: That he did just what a prudent and ordinarily careful man would have done under the circumstances, that he had the right to go out on the platform. The contention, as we understand it, is that at that particular time there was no such great crowd as gathered afterwards ; and you are, therefore, to take into consideration these facts and circumstances in determining whether under the circumstances the plaintiff was or was not guilty of negligence. It would be impossible for the court to determine it as a matter of law, but it is for the jury. There is no rule of law which would require us to say the plaintiff ought to have remained in the waiting room.] [6] It is for the jury to determine whether the plaintiff acted as an ordinarily prudent and careful man would have acted under the circumstances in not remaining in the station house. It being contended on part of the plaintiff that he just did what the average prudent man would have done.

[There is another contention on part of the defendant, alleging negligence on part of the plaintiff, namely, that against the warning of the officers, after leaving the station house, he went out on track No. 1. The excursion train, after going west a certain distance on track No. 3, came back east to the station house on track No. 2 about 7: 35 A. M., according to the testimony of the conductor, for the purpose of taking on passengers. Now as that train advanced to the depot, it is contended, quite a number of people rushed out on the track on which it was coming up and it was necessary to get rid of this crowd, as the train could not advance so long as the people remained on that track ; and, as defendant contends, by its officers it cleared the track and the train was allowed to approach the station, some of the people going north in leaving the track, to the side where the plaintiff was injured. The defendant alleges that here was a distinct act of negligence on part of the plaintiff ; that he had no right to approach until the train was ready for his reception, and it was his business to go back on the platform when urged to do so by the officers.

If these facts were uncontradicted we would have to say that there was room on that platform, and the plaintiff put himself

in a place of danger voluntarily, and it would be contributory negligence on his part. But the trouble is, these facts are all disputed in regard to this alleged act of negligence. The plaintiff, on the other side, disputes nearly every branch of this proposition. It is alleged by him that while on track No. 1 he was naturally forced over there by the crowd of people, and it was not his voluntary act. And he alleges, further, it was the act of this officer, who came up on the track and scattered the crowd to the right and to the left.] [4]

Defendant presented these points :

7. That under all the evidence in this case, the verdict must be for the defendant. *Answer :* This is refused. [1]

5. That as the uncontradicted evidence shows that the defendant company had a platform on the south side of the tracks for the use of passengers in boarding and leaving the trains, the plaintiff was bound to enter the train from that point ; and having left the waiting room of the defendant company, and gone out on the platform and over on the north side of the track on which the train he was about to take was standing, where there was no platform, and having placed himself on or between the tracks of the road of the defendant company, and while there received the injury complained of, he was guilty of contributory negligence, and cannot recover in this action. *Answer :* Under the evidence in this case, and for the reasons we have endeavored to point out in our general charge, this point is refused. [2]

Verdict for plaintiff for $22,844, subsequently reduced by the court to $15,000, for which sum judgment was entered. Defendant appealed.

*Errors assigned* were (1, 2, 4, 6) above instructions, quoting them ; (7) that the verdict was excessive.

*H. W. Storey* and *W. H. Koontz*, with them *J. G. Ogle*, for appellant.—Plaintiff was guilty of contributory negligence : Sullivan v. Phila., etc., R. R. Co., 30 Pa. 238 ; Drake v. Penna. R. R. Co., 137 Pa. 352 ; Flanagan v. Phila., etc., R. R. Co., 181 Pa. 237 ; Deery v. Camden, etc., R. R. Co., 163 Pa. 403 ; Penna. R. R. Co. v. Zebe, 33 Pa. 318 ; Bancroft v Boston, etc., R. R. Co., 97 Mass. 275 ; McGeehan v. Lehigh Valley R. R. Co., 149 Pa. 195.

A railroad company is not liable for an injury to a passenger caused by another passenger's rudeness: Graeff v. Phila., etc., R. R. Co., 161 Pa. 230; Felton v. Chicago, etc., Ry. Co., 69 Iowa, 577; 29 N. W. Repr. 618.

It is the duty of the passenger to follow the reasonable directions of the defendant's servants: Penna. R. R. Co. v. McClosky, 23 Pa. 526; Penna. R. R. Co. v. Henderson, 43 Pa. 449; Flanagan v. Phila., etc., R. R. Co., 181 Pa. 237; Penna. R. R. Co. v. Zebe, 37 Pa. 420; Drake v. Penna. R. R. Co., 137 Pa. 352; Penna. R. R. Co. v. Langdon, 92 Pa. 21.

If the plaintiff discloses his own negligence he cannot recover: Bradwell v. Pittsburg, etc., Pass. Ry. Co., 139 Pa. 404; Baker v. Fehr, 97 Pa. 70; Baker v. Westmoreland, etc., Nat. Gas Co., 157 Pa. 593; Bentley v. Cranmer, 137 Pa. 247; Catawissa R. R. Co. v. Armstrong, 49 Pa. 187; Monongahela City v. Fisher, 111 Pa. 9.

*A. H. Coffroth,* with him *W. H. Ruppel* and *J. E. Gasteiger,* for appellee.—The question of contributory negligence was for the jury to decide under all the circumstances: Chambers v. Carroll, 199 Pa. 371; Bard v. Phila., etc., Ry. Co., 199 Pa. 94.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

There was evidence of negligence on the part of the defendant in running the freight train into the crowd at the station, in the insufficiency of the number of cars and keeping some of them locked, and perhaps also in having too few guards or employees to handle so large a number of expected passengers. On this point, therefore, the case had to go to the jury.

A more serious question is presented in regard to the contributory negligence of the plaintiff. At the time he was injured he was where he had no right to be. Passengers are bound to enter the train at the appropriate place, usually indicated by the platform, and to remain in the waiting room of the station or on the platform, according to the circumstances, until the train is ready: Flanagan v. Phila., etc., R. R. Co., 181 Pa. 237. Cases in which an intending passenger is justified in leaving the platform and crossing tracks, as in Kohler v. Penna. R. R. Co., 135 Pa. 346, are exceptional. When the train in the present case approached the station, there was a large crowd

of excursionists waiting, and several hundred of the more impatient of them rushed across the track in order to get in the cars quicker or more certainly from the uncrowded side. The plaintiff was among them and was injured while trying to get on from that side. If he went there voluntarily, he was guilty of contributory negligence as a matter of law, and could not be allowed to recover. But he testified that he did not go there of his own will, that he and his wife had "at first stood on the platform under the shed, and the immense crowd came and crowded us forward, and we were crowded over as far as the second track. At that time there was some-one coming along, I don't know who, that parted the crowd to make room for the excursion train, and we were shoved over on the third track." How long he was there before the freight train that caused the accident arrived, what opportunities he had to get into a safer place, and what variation of the circumstances may be shown by the other testimony are not material now, for on the plaintiff's account, above quoted, his responsibility for contributory negligence as matter of law in being on the wrong side of the train, ceased, and it became a question for the jury. For this reason the learned judge refused to give a binding direction for a verdict for defendant, and left the whole matter to the jury with explicit instruction both in his general charge and in his answers to the points to find for defendant if the plaintiff was in any degree negligent himself.

Appellant cites Ellinger v. Phila., etc., R. R. Co., 153 Pa. 213, and other cases to show that a railroad company is not liable for rudeness or disorder among passengers to each other. But these cases are not applicable. The conduct of the crowd here was not treated as evidence to charge the defendant but to relieve the plaintiff from what otherwise would have been conclusive evidence of contributory negligence.

It is scarcely necessary to repeat that the power of this court under the act of 1891 to supervise verdicts as to their amounts is exceptional and only to be exercised in very gross cases. The verdict in this case was large, and the court below reduced it about one third. It is still large, but we see nothing to induce us to suppose that his discretion was not wisely used and entirely adequate to the requirements of justice.

Judgment affirmed.