# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

It is within the constitutional power of the Legislature to permit a city or town, which owns and occupies for municipal purposes the land and buildings on opposite sides of a public street or highway, and also owns the fee of the land over which the street or highway is laid out and constructed, to erect a bridge or structure above such street or highway connecting the two buildings. But where the land over which the street or highway is laid out and constructed belongs to a private owner, such a bridge or structure can be authorized to be built only when the municipal purposes for which the buildings are used are public purposes and then only with the consent of such private owner or upon paying him compensation.

It is within the constitutional power of the Legislature to confer upon a city or town the power to grant permits to private owners of the land and buildings on opposite sides of a public street or highway, who also own the fee of the land over which the street or highway is laid out and constructed, to erect a bridge or structure above such street or highway connecting the two buildings.

It is within the constitutional power of the Legislature, in enacting a law conferring upon a city or town the power to grant permits or licenses to private individuals, who own the land and buildings on opposite sides of a public street and the fee of the land under the street, to erect bridges over such public street connecting the buildings on the two sides of the street, to provide that such licenses shall be revocable at any time by the city or town and that the city or town shall charge a rent for such licenses.

The owner of real estate abutting on a public street has the right to have the street open for light and air so long as there are no uses affecting his enjoyment of light and air to which the public desire to put the street under their easement for purposes of travel and communication. If the Legislature in behalf of the public impose an additional burden on the property of the abutter for a different kind of public use, which will interfere with his enjoyment of light and air by the erection of structures upon or over his land within the limits of the street, he is entitled to compensation.

An owner of real estate, in the absence of an express grant or covenant to that effect, has no right to have the adjacent land remain open for the admission of light and air. Accordingly, where the owner of such adjacent land has consented to the erection upon or over his land of a bridge or structure above and across a street connecting opposite buildings, this obstruction of light and air in the right of such consenting owner as well as with authority from the Legislature impairs no property right of the owners of the adjacent lands.

THE following order was passed by the House of Representatives on April 4, 1911, and on April 6, 1911, was transmitted to the Justices of the Supreme Judicial Court. On April 17, 1911, the Justices returned the answer which is subjoined.

ORDERED, that the opinion of the Justices of the Supreme Judicial Court be required upon the following questions:

First, Is it within the constitutional power of the Legislature to permit the city of Boston, or any city or town of the Commonwealth, to erect a bridge or structure across a public street or highway connecting premises owned or occupied for municipal purposes on opposite sides of the public street or highway?

Second, Is it within the constitutional power of the Legislature to enact a law conferring upon a city or town within this Commonwealth the power to grant permits or privileges to private individuals to erect structures which will bridge the public streets connecting premises owned on both sides of the street?

Third, Is it within the constitutional power of the Legislature to enact a law conferring upon a city or town in this Commonwealth the power to grant permits or licenses to bridge public streets connecting premises on opposite sides which will be revocable at any time at the action of the city or town government, and for which a rent will be charged payable to the city or town in which the permit or license may be granted?

Fourth, Is it any restriction of the constitutional right of the owner of premises abutting on a public street or highway in a city or town of this Commonwealth to have the light and air in the public street obstructed by the erection of a structure connecting premises on the opposite sides of the street, provided there is provision made for compensation to persons suffering any damage thereby?

Fifth, Is the right of an owner of property abutting on the public street or highway where he owns the fee to the middle of the street or way limited solely to his right upon and over the surface of the street, or does it include also rights to light and air above the surface of the street, and the right to have the street for its entire length open from the street surface up to the sky?

Sixth, What rights, if any, do the abutting owners of public streets or ways enjoy other than the rights general to the public?

Accompanying the order were copies of two bills pending in the House of Representatives, one of them, House Bill No. 451, being entitled "An Act to authorize the Bridging of Mason Street in the City of Boston," and the other, House Bill No. 817, being entitled "An Act to authorize the Construction of a Bridge over Avon Street in the City of Boston."

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, respectfully answer the questions propounded by the order of April 4, 1911, a copy of which is hereto annexed, as follows:

When a public street or highway is laid out and constructed under the general laws of this Commonwealth, the public acquires an easement in the land, which includes a right to occupy it for every kind of travel and communication of persons, and every movement of property, that is reasonable and proper in the use of a public street. *Sears* v. *Crocker*, 184 Mass. 586. Subject to this paramount right, the owner of the fee retains his ownership of every valuable interest in the land, and he may use it in any way that does not interfere with the right of the public to the enjoyment of its easement.

The Legislature represents the public, and at any time it may enlarge or limit public rights thus acquired, having due regard to private rights of property secured by the Constitution to all the people. *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397, 400. So far as the rights of the public in the street or way are concerned, the Legislature can do anything referred to in any of the questions, if the proposed legislation seems reasonable and proper.

So far as the abutters are concerned, the Legislature, without their consent, can do or authorize nothing that takes away or impairs any valuable right in their property, unless the taking is for a public use, with compensation for that which is taken.

We infer that the premises on opposite sides of the street, referred to in the first question, are owned by the city or town, and that the ownership includes the fee of the street. Under this assumption, the answer to this question is in the affirmative.

If, on the other hand, the land upon or over which the bridge is to be built belongs to a private person, the bridge can be built without his consent only by paying him compensation, and only if the municipal purposes referred to are public purposes, as distinguished from an existing or intended use in a private business.

To the second question the answer is, Yes, if the private individuals own all the land upon or over which the structures are to be erected.

To the third, we answer Yes, upon the same hypothesis. A regulation making licenses revocable is not necessarily unreasonable ; and the Legislature may require the payment of a rent to the city or town for the slight impairment or limitation of the previously existing public rights. *Postal Telegraph Cable Co.* v. *Chicopee*, 207 Mass. 341.

As against the easement acquired by the public for purposes of travel and communication, an abutting owner has the right to have the street open for light and air, so long as there are no uses affecting his enjoyment of light and air to which the public desires to put the street, under the easement which it has acquired for purposes of travel and communication. If the Legislature should authorize the imposition of an additional burden upon his property for a different kind of public use which would interfere with his enjoyment of light and air, by erecting structures upon or over his land within the limits of the street, he would be entitled to compensation.

As against an adjoining landowner, one has no right to have the adjacent premises remain open for the admission of light and air. In the cases referred to in the first three questions, we assume that the owners of abutting land, upon or over which the structure would be erected, would desire the erection and would consent to it. It would, therefore, be made in their right, as well as with authority from the Legislature to make an encroachment upon the previously existing public right. The existence of this private right of the owner of the fee of the land over which the structure would be erected would preclude the owners of adjacent lands from having damage for an obstruction of light and air, possibly affecting their property abutting on other adjacent parts of the street.

We think these statements sufficiently answer the fourth, fifth and sixth questions.

Mr. Justice Loring asks to be excused from answering the questions by reason of pecuniary interest in a lot near the place referred to in one of the pending bills.

> MARCUS P. KNOWLTON.
> JAMES M. MORTON.
> JOHN W. HAMMOND.
> HENRY K. BRALEY.
> HENRY N. SHELDON.
> ARTHUR PRENTICE RUGG.