ELIZABETH MEYERS *vs.* PEPPERELL MANUFACTURING COMPANY.

York.     Opinion February 22, 1923.

*A landlord is liable for damages for injuries sustained by a lawful traveler on a public highway, by ice or snow falling from the roof of a building on such highway, if the building is let to different persons occupying different parts thereof, whether as lessees or tenants at will; otherwise when the whole building is let to one tenant or lessee. If it does not appear that the tenant or lessee might not, by reasonable care, have prevented the accident, he is liable.*

When a lawful traveler on a public highway is injured by ice or snow falling from the roof of a building on such highway, the landlord is not liable when the building is let to a tenant who has entire control and occupancy of the whole building, since the tenant and not the landlord is bound, as between himself and the public, to keep buildings abutting upon a highway in such repair that they may be safe for travelers thereon.

Nor is the landlord liable for such injuries when he lets a building with a steep, unguarded roof, reserving only the right to enter the premises for the purpose of making repairs, the whole building being let to one tenant and it not appearing that the tenant might not, by the use of reasonable care, have prevented the accident.

But the landlord is the responsible party when the separate parts of his building, consisting of stores and tenements, are let to many different tenants by lease or as tenants at will, and he has general supervision over the whole, with entire

control of outside doors and passageways so far as may be necessary to enable him to make repairs, and the obligation rests upon him to make those repairs.

Where the building is occupied by several tenants, even when one tenant has special facilities for getting upon the roof, but it does not appear that the place where ice and snow accumulated was under the control of the tenants or that they had anything to do with the outside of the roof, and damage results wholly from the shape of the roof and the proximity of the building to the street, the tenants are not liable, for their responsibility is confined to so much of the premises as they occupy respectively and exclusively. The responsibility rests upon the landlord who has the right to go upon the roof and so alter its construction that at all seasons of the year it may not cause danger to travelers on the highway in front of the building.

On report and motion for a new trial. This is an action on the case to recover for personal injuries sustained by the plaintiff by ice and snow falling from the roof of a building owned by defendant while she was walking along a public highway in Saco. At the close of the testimony, by agreement of the parties, the question of damages only was submitted to the jury, and the case reported to the Law Court for the determination of the question of liability of the defendant, with the stipulation that in the event the defendant was found liable, judgment was to be for the amount of the verdict less such remittitur, if any, as might be ordered and accepted. The jury returned a verdict for plaintiff for four thousand nine hundred ninety-one dollars and forty-six cents. Motion overruled. Defendant adjudged liable.

The case is fully stated in the opinion.

*Leroy Haley,* for plaintiff.

*Emery, Waterhouse & Paquin,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, WILSON, JJ., concuring except as to the amount of damages.

PHILBROOK, J. While walking on a sidewalk, which was part of a public highway, and when in front of a building owned by the defendant, the plaintiff, then in the exercise of due care, suffered injuries caused by ice and snow sliding from the roof of said building and striking her person. At the trial the question of the amount of her damages only was submitted to the jury. The question of liability was reserved upon report to be determined by this court.

The testimony came wholly from the plaintiff and her witnesses; the defendant offered none. From that testimony it appears that the building is a three-story brick building with five stores on the lower floor and tenements on the second and third floors; that no part of the building was occupied by the defendant at the time of the accident; that it has a slated roof sloping on one side toward the street, on the sidewalk of which the plaintiff was walking when she received her injuries; that more or less irons of small size, known as snow-guards, were fastened under the roof slates; that all the tenants of the building were tenants at will; that no one tenant hired or occupied the entire building; that from time to time the defendant, through its agents or employees, replaced broken glass, attached and removed outside windows and window screens, repaired chimneys, painted the front of the building, repaired leaks in the roof, and removed snow therefrom. It also appears that during winter seasons snowslides from the roof had occurred frequently and for a number of years.

The contention of the defendant is that tenants at will were bound to remove such snow and ice as might accumulate upon the roof and that if there be any cause of action for the injury which the plaintiff received it should be against the tenants at will and not against the landlord.

It is well settled in this State that when a lawful traveler on a public highway is injured by ice or snow falling from the roof of a building abutting on such highway the landlord is not liable when the building is let to a tenant who has entire control and occupancy of the whole building, since the tenant and not the landlord is bound, as between himself and the public, to keep buildings abutting upon a highway in such repair that they may be safe for travelers thereon. *Lee* v. *McLaughlin*, 86 Maine, 410. Nor is the landlord liable for such injuries when he lets a building with a steep, unguarded roof, reserving only the right to enter the premises for the purpose of making repairs, the whole building being let to one tenant and it not appearing that the tenant might not by the use of reasonable care have prevented the accident. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass., 47; *Leonard* v. *Storer*, 115 Mass., 86.

But the landlord is the responsible party when the separate parts of his building, consisting of stores and tenements, are let to many different tenants by lease or as tenants at will, and he has general

supervision over the whole, with entire control of outside doors and passageways so far as may be necessary to enable him to make repairs and the obligation rests upon him to make those repairs. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. Where the building is occupied by several tenants, even when one tenant has special facilities for getting upon the roof, but it does not appear that the place where ice and snow accumulated was under control of the tenants or that they had anything to do with the outside of the roof, and damage results wholly from the shape of the roof and the proximity of the building to the street, the tenants are not liable, for their responsibility is confined to so much of the premises as they occupy respectively and exclusively. The responsibility rests upon the landlord who has the right to go upon the roof and so alter its construction that at all seasons of the year it may not cause danger to travelers on the highway in front of the building. *Shipley* v. *Fifty Associates*, 106 Mass., 194.

Applying these rules of law to the facts disclosed by the testimony we are of the opinion that the liability of the defendant in this case is established.

Upon the question of damages we are called upon to alter the finding of the jury reached after seeing the witnesses, hearing them testify, and taking all the facts into consideration. The verdict is large but not so grossly excessive in the opinion of a majority of the court as to warrant our interference.

*Motion overruled.*
*Defendant adjudged liable.*