CITY OF BOSTON *vs.* A. W. PERRY, INC.

Suffolk.    April 5, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Municipal Corporations*, By-laws and ordinances. *Way*, Public: hyatt light in sidewalk. *Contract*, Implied, Of indemnity. *Words*, "Maintain," "Owner."

A city ordinance, providing that a landowner's maintenance of cellars and other "excavations" under a public way abutting his premises should constitute an agreement by him with the city to keep such excavations in repair and to indemnify it against all expense incurred by it through their presence or lack of repair, was reasonable, within the authority of G. L. (Ter. Ed.) c. 85, § 8, and valid; and was applicable to excavations existing at the time of its enactment.

The owner of premises, although they were leased to and under the control of another, was required to keep in repair hyatt lights in a public sidewalk over the basement of his premises and to indemnify the city for expense incurred through their presence or lack of repair, under an ordinance imposing that obligation on the "owner of an estate . . . maintaining" a "cellar . . . or other excavation" under the public way abutting his premises.

CONTRACT OR TORT.. Writ in the Superior Court dated April 17, 1935.

The action was tried before *Brogna*, J.

*R. H. Hopkins*, Assistant Corporation Counsel, for the plaintiff.

*R. Donovan*, (*V. H. Willard* with him,) for the defendant.

DOLAN, J.  This is an action of "contract or tort" in which the plaintiff seeks to recover the amount of a judgment recovered against it, by one Rose Murphy, as compensation for personal injuries sustained by her by reason of the defective condition of certain "hyatt" lights in the sidewalk adjacent to premises owned by the defendant.  There are several counts in the declaration, but the only one to be considered is based upon c. 27, § 18, of the revised ordinances of 1925 of the plaintiff city, which is set out below.

It is admitted for the purposes of the case that, from 1920 down through the date of the accident, the street floor, basement and the extension of the latter under the sidewalk were owned by the defendant but were in control of one other than the defendant, under a written lease, given by it, wherein it was provided that the lessee was to keep the premises and the sidewalk and "hyatt" lights in the same condition as they were in at the commencement of the term, and that at that time there was no defect in those lights.  It is also agreed that the place where the accident occurred was a public way; that the defendant did not enter and defend the original action; and that the sum of $580.36 is the amount to which the plaintiff is entitled if recovery is allowed in this action.

After the jury found that the defendant had been seasonably notified of and requested to defend the action brought by Rose Murphy against the city, the judge directed them to return a verdict for the defendant.  To this direction the plaintiff excepted.

The pertinent provisions of § 18 of the ordinance involved follow: "Every owner of an estate hereafter maintaining any cellar, vault, coal hole or other excavation under the part of the street which is adjacent to, or a part of, his estate . . . and every person maintaining a post, pole, or other structure in a street, or a wire, pipe conduit or other structure under a street, shall do so only on condition that such maintenance shall be considered as an agreement on his part with the city to keep the same and the covers thereof in good repair and condition at all times during his ownership and to indemnify and save harmless the city against

any and all damages, costs, expenses or compensation which
it may sustain or be required to pay, by reason of such exca-
vation or structure being under or in the street, or being out
of repair during his ownership, or by reason of any cover
of the same being out of repair or unfastened during his
ownership." The issues presented are whether the ordi-
nance is valid, and, if it is, whether the defendant is included
within the scope of its provisions.

By the location of highways and other public ways the
public acquire "a right of passage for the purpose of travel
over the land taken with all the powers and privileges neces-
sarily implied as incidental to the exercise of that right . . . .
It has always been held with respect to land included within
the limits of the public way 'to be clear that the public have
no other right, but that of passing and repassing; and that
the title to the land, and all the profits to be derived from
it, consistently with, and subject to, the right of way, remain
in the owner of the soil.' *Stackpole* v. *Healy,* 16 Mass.
33, 34." *Opinion of the Justices,* 297 Mass. 559, 562. *Har-
rington* v. *County Commissioners of Berkshire,* 22 Pick. 263,
266. *Commonwealth* v. *Morrison,* 197 Mass. 199, 203.
*Opinion of the Justices,* 208 Mass. 603, 606. Although
the rights of those who have title to the fee subject to
this public easement are carefully guarded, *Opinion of the
Justices,* 300 Mass. 602, 606, and an ordinance that con-
stituted an unreasonable interference with their rights
would be invalid, *Opinion of the Justices,* 297 Mass. 559,
564, an ordinance enacted under the authority of the
Legislature, in the interest of the easement of travel, will
not be declared invalid unless it is clearly unreasonable
in its effects upon the rights of the abutters. While covers
to vaults, coal holes, and such lights as those here involved,
are not of themselves obstructions in the street and there-
fore not defects, yet being adapted to the sidewalk as a
part of its construction and arrangement for use as a side-
walk, a danger from their insecure condition may reason-
ably be treated as arising from a defect in the sidewalk
within the meaning of G. L. (Ter. Ed.) c. 84, §§ 1, 15
(*Clohecy* v. *Haverhill,* 299 Mass. 378, 380), and we are of

opinion that a municipality can require strict attention to their maintenance in good and safe condition, and impose the obligation of indemnity provided for in the ordinance in question, in the event that the municipality is called on to respond to the claims of persons injured by reason of such structures being permitted to fall into disrepair. We think that the ordinance is a reasonable one, and that there is no distinction between it and an ordinance requiring one to sign a written contract of indemnity before digging up or obstructing a street, *Springfield* v. *Boyle*, 164 Mass. 591, 594, except that in the latter case the contract of indemnity is express, while in the case of the ordinance here involved it is implied.

The circumstance that the vault and "hyatt" lights in the case at bar were in existence before the ordinance was enacted is immaterial. A permit granted to a private person to use a street, even if he owns the fee therein, is a mere license revocable at the pleasure of the municipality in the interest of the easement of travel. *Union Institution for Savings* v. *Boston*, 224 Mass. 286, 287. *District of Columbia* v. *R. P. Andrews Paper Co.* 256 U. S. 582, 587. See also *Opinion of the Justices*, 208 Mass. 603, 606. The passage of the ordinance had the effect of revoking prior permits, if any, and the creation of permits subject to the conditions set forth in the ordinance. Under the terms of the ordinance an implied contract of indemnity on the part of the owner of the legal title to the premises arose out of the continued maintenance of the structure involved.

The defendant contends that the plaintiff city had no authority to enact the ordinance, even if it is reasonable in its provisions. It is true that the "Legislature is the supreme authority in regard to public rights in the streets and highways." *Boston Electric Light Co.* v. *Boston Terminal Co.* 184 Mass. 566, 570. *Cheney* v. *Barker*, 198 Mass. 356, 364. See also *Board of Survey of Lexington* v. *Suburban Land Co.* 235 Mass. 108, 111. But the Legislature may delegate to municipalities the authority in such matters, which it might itself have exercised directly. *Commonwealth* v. *Kimball*, 299 Mass. 353, 356, and cases cited. Although

municipal ordinances may not exceed the power conferred by enabling statutes, *Cawley* v. *Northern Waste Co.* 239 Mass. 540, 544, we are of opinion that the types of structures included in the ordinance involved are within the description contained in G. L. (Ter. Ed.) c. 85, § 8, of "other . . . structures . . . on or over public ways," whereunder municipal authorities are expressly empowered to issue permits for the placing and maintaining of the structures therein referred to, and that the ordinance involved was enacted within the authority of that section and is valid.

The defendant also contends that, even if the ordinance is valid, the defendant is not liable because it is not an "owner of the estate maintaining" a structure described therein, but is merely a lessor of a lessee who is in control of the premises. Ordinarily, apart from statute or ordinance, the occupant or one in control and not the owner would be liable to indemnify the municipality. *Lowell* v. *Spaulding*, 4 Cush. 277, 279. *Stewart* v. *Putnam*, 127 Mass. 403, 406. *Boston* v. *Gray*, 144 Mass. 53. *Miller* v. *Edison Electric Illuminating Co. of Boston*, 283 Mass. 517, 523. But the word maintain is one of broad signification. It is not, we think, necessarily confined to the meaning of in control of. In a strict sense a vault, such as that in the present case, which has been leased or rented is maintained not by the lessee or tenant but by the owner. *Commonwealth* v. *Kimball*, 105 Mass. 465, 467. In general the right to alter or remove the structure would reside in the owner, subject of course to the rights of the lessee. Subject to those rights the owner could convey title to the fee in the premises. Though not in direct control of the premises, the owner is the one responsible for continuing to maintain it without change. He is the owner of an estate though he owns but the fee subject to the public easement. *Moran* v. *Gallagher*, 199 Mass. 486, 487. The word owner includes not only persons who have acquired a special property or interest in the estate involved but also those in whom the legal title is vested. *Downey* v. *Bay State Street Railway*, 225 Mass. 281, 284.

The framers of the ordinance must be taken to have known

that at the time of its enactment the duty of maintaining the "hyatt" lights in the sidewalk and the obligation of indemnity in case of failure to keep them in safe condition rested upon the person in control, as distinguished from an owner not in control, of the premises. *Devney's Case,* 223 Mass. 270, 271. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission,* 301 Mass. 211, 213. If it were not intended that the ordinance should apply to the owners of the legal title of the premises in question, the ordinance would be superfluous as being but affirmative of existing law. It is a fair inference that it was the purpose of the ordinance to secure to the municipality a remedy against the owner of the legal title to the real estate involved, and not to confine the remedy to those who for the time being were in control thereof.

We are of opinion that the ordinance extended the duty of repair and indemnification theretofore resting upon only those in control of premises having such structures as are described in the ordinance to the owner of the legal title in the true sense. Accordingly the plaintiff's exceptions are sustained and judgment is to be entered for it in the sum of $580.36.          *So ordered.*