## Knickerbocker *v.* Scranton, Appellant, et al.

Argued January 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Alex Gorney,* with him *Jerome K. Barrett,* City Solicitor, and *David J. Davis,* Assistant City Solicitor, for appellant.

*J. Julius Levy,* with him *Frank J. McDonnell,* for appellee.

*George W. Ellis,* for sci. fa. defendant, appellee.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

Sarah J. Knickerbocker brought this action in trespass against the City of Scranton to recover damages for injuries she suffered as the result of a fall due to the defective condition of the sidewalk in front of premises at No. 359 North Lincoln Avenue in that municipality. The city by writ of scire facias brought in as an additional defendant, A. W. Marriott, the owner of the premises. The case proceeded to trial and a jury found a verdict for plaintiff against the city in the sum of $3,000 and in the issue between the city and Marriott found in favor of the latter. The city has appealed, complaining of the refusal of its motion for a new trial.

The main contention of appellant is that the verdict was "improper and inconsistent" because the jury found a verdict in favor of plaintiff against the city and failed to find a verdict in favor of the city against the prop-

erty owner. There was evidence showing that the entire premises at No. 359 North Lincoln Avenue were leased to a tenant, Benjamin Weisenfluh, by a written lease dated October 11, 1933, that the premises had been occupied by the tenant under that lease continuously and that the defect in the sidewalk which caused the accident was occasioned by a coal truck, which was delivering coal to the tenant, backing onto the sidewalk and breaking the flagstone in October, 1937. The accident occurred two months later. There was no evidence that would support a finding that the owner had actual notice of the break in the sidewalk which caused the injury.

It is well established in this state that if the owner is out of possession by reason of a lease of the entire property and during such tenancy the sidewalks become in disrepair, the tenant and not the owner is liable for injuries to a stranger using the sidewalk: *Bruder v. Phila. et al.*, 302 Pa. 378, 153 A. 725; *Briggs v. Phila.*, 316 Pa. 48, 173 A. 316. Appellant seeks to avoid the consequences of that rule by reason of a clause in the lease which provides that the landlord reserved the right "to enter the premises at any time for the purpose of making repairs." The lease, however, also provides that the tenant at the end of the term shall deliver up the premises "in as good a condition as at the commencement thereof, ordinary wear or tear and unavoidable damage by fire, tempest and lightning excepted."

The ultimate question is therefore whether the mere fact that the owner reserved a right to enter the premises for the purpose of making repairs fixed the liability of the owner and made him, as a consequence, liable over to the city. The precise question does not seem to have been decided by an appellate court in this state and we have received little light on the subject from the briefs of the city and additional defendant. There is a contrariety of opinion in other jurisdictions. The case of *Paine v. Gamble Stores*, 202 Minn. 462, 279 N. W. 257,

116 A. L. R. 407, and the reasoning employed in *Appel v. Muller*, 262 N. Y. 278, 186 N. E. 785, 89 A. L. R. 477,[1] support appellant's contention, while *Boston v. Gray*, 144 Mass. 53, 10 N. E. 509, and *Meyers v. Pepperell Mfg. Co.*, 122 Me. 265, 119 A. 625, are opposed.

We have had occasion to consider the respective duties and responsibilities of owners and lessees where the complainants sought to recover for injuries occurring inside the premises to those who were at the time there by permission or license from the tenants: *Harris v. Lewistown Tr. Co.*, 326 Pa. 145, 191 A. 34; but there is a difference in status between persons inside the premises and persons outside the premises. The rules applicable are not the same and the theories supporting the rules are different.

Here plaintiff was injured outside the premises as affected by the reservation of the right to enter to make repairs. The injury was occasioned by a defect in the sidewalk abutting on the premises and set aside for the use of the public. A defect such as formed the basis of recovery here affected persons who, as part of the public, used the sidewalk and not those who entered the premises by virtue of any right created by the contract between lessor and lessee. The defect constituted a nuisance. In fixing the responsibility as between lessor and lessee those facts must be kept in mind.

In *Appel v. Muller*, supra, the court, in supporting its conclusion that the owner remained liable, reasoned that although the owner of a building generally is required to maintain it in such a condition that it shall not be dangerous to the travelling public yet if by a lease the owner vests a tenant with exclusive possession thereby depriving himself of the power of entry to make repairs he is not liable to a passerby if a part of the building fall upon him due to a condition of disrepair arising in the course of the tenant's occupancy. It then

---

[1] Also see Note, 89 A. L. R. 480.

concluded that since the owner by reservation retained the power to enter and repair he remained liable. That case differed from the present one in that there the disrepair was within the premises and was the cause of an injury to plaintiff while on the highway, while in the present case the defect was in the sidewalk and the injury arose there. In *Paine v. Gamble Stores,* supra, the defect was in the adjoining highway and the injury occurred there just as in the present case.

In the Massachusetts and Maine cases a contrary result was reached without an elaboration of the theory upon which the conclusions were based. We think, however, that those conclusions are sound and in harmony with our cases.

In *Briggs v. Phila.,* supra, we definitely committed this court to the specific rule that if the owner is out of possession by reason of a lease of the entire property and during such tenancy the sidewalk falls into disrepair the tenant and not the owner is liable for injuries to a stranger using the sidewalk. In the present case the liability of the tenant rather than of the owner follows as a corollary to those cases. We cannot assent to the implication contained in the opinion in the New York case that the inability of the owner to enter for the purpose of making repairs is the only reason for that rule. There are more important reasons. As was stated by Judge LINN (now Mr. Justice LINN of this court) in *Butler v. W. U. Tel. Co.,* 93 Pa. Superior Ct. 533, 537: "The reason for holding a tenant and exempting an owner who is not in possession is that the occupant in control of land and improvements may reasonably be said 'from his going in and out of the premises' to have notice of an obstruction or defect in a sidewalk in front of the land, while non-residence of an owner is inconsistent with such probability: *Phila. v. Bergdoll,* 252 Pa. 545, 551." To this we may add what has been said in a number of the cases, that the tenant by taking exclusive possession of the premises placed himself in

the position of an owner with consequent responsibilities. We deem ours a fair and reasonable rule for the occupant has prompt notice of the defect while the owner may live in a distant city and have no opportunity to discover the danger. If he were made liable he would only be liable after "knowledge or notice of such defect is traced to him": *Lindstrom v. Penna. Co.,* 212 Pa. 391, 394, 61 A. 940. The owner might thus frequently escape liability.

Again our conclusion follows, as we have said, as a corollary to the Briggs case. The suggestion in the New York case that the mere right to enter to make repairs changed the rule has no application to the facts present here. With or without such a reservation the owner could repair the defect without disturbing the possession of the tenant. The defect in the sidewalk constituted a nuisance and "such nuisance may be abated, that is, taken away or removed, by the party aggrieved thereby, so as he commits no riot in the doing of it": 3 Blackstone's Comm. 5; 46 C. J. 755.

The answer to this situation is that there are, as we have pointed out, other and more substantial grounds for shifting the responsibility for repairs and care of sidewalks where the entire premises are leased to a tenant. It is a reasonable and workable rule which takes into account the protection of the public and it is for the public that sidewalks are maintained. It places the responsibility on the one in the best position to promptly correct the defect and prevent injuries to pedestrians. Unless the legislature sees fit to make the owner liable in all cases the rule should not be changed or its efficiency impaired.

Appellant also contends that there was such a preponderance of evidence against plaintiff that the verdict should not be allowed to stand. In support of this contention it is argued that plaintiff relied upon her own uncorroborated testimony which was contradicted by a number of disinterested witnesses. It is not correct to

say that plaintiff was without any corroboration. The facts that there was a hole in the sidewalk, that plaintiff fell and broke her wrist at the time and in the vicinity of the place where she said she fell are admitted by witnesses called by the city. The real dispute was as to whether plaintiff fell at the exact point where she said she did, that is, at the point where the hole in the sidewalk actually existed, or at a point fifteen or twenty feet distant therefrom. While it is true that it would appear to one reading the testimony that plaintiff might have been mistaken as to the place she fell, this was a question for the jury and they have found in her favor. There was ample evidence to sustain the verdict. Whether or not the verdict was so against the weight of the credible evidence as to require a new trial was for the consideration of the court below: *Maloy v. Rosenbaum Co.,* 260 Pa. 466, 472, 103 A. 882; *Canon v. Penna. Trust Co.,* 305 Pa. 422, 425, 158 A. 173. The trial judge saw the witnesses, heard them testify and has decided against the city. There was here no such abuse of discretion as to warrant this court in overruling the judgment of the trial court.

Finally, appellant complains that the verdict is excessive. The power of the appellate courts under the Act of May 20, 1891, P. L. 101 (12 PS §1164), to supervise verdicts as to their amounts is exceptional "and only to be exercised in very gross cases": *Begley v. Penna. R. R. Co.,* 201 Pa. 84, 89, 50 A. 1009. The plaintiff lost considerable time from her work and at the time of trial she was handicapped by the injury and suffered some pain. The verdict is not so shocking to a sense of justice as to require an interference with the discretion of the court below.

Judgment affirmed.