We think the damages awarded by the trial court were not warranted by the evidence.

A court of review has the right and duty, when it is apparent from the record, that adequate justice has not been awarded the parties by the decision of the trial court, to order a new trial restricted to damages. See G. L. (Ter. Ed.) c. 231, p. 108. This is so, whether the damages are inadequate, as in *Simonds* v. *Fist*, 210 Mass. 563, or excessive, as in *Symmes Arlington Hospital, Inc.* v. *Arlington*, 292 Mass. 162. That right exists, whether the damages are erroneously fixed by a jury, *Simonds* v. *Fish, supra,* or by a justice of the Superior Court, or by a judge of a District Court, *Morin* v. *Stromberg,* 309 Mass. 146, 149.

The Appellate Division has the same authority to order a new trial as the Supreme Judicial Court. G. L. (Ter. Ed.) c. 231, pp. 108, 110, 124. *Morin* v. *Stromberg, supra,* at page 149.

The case is remanded to the trial court and a new trial ordered upon the amount of damages only.

| No. 159263 | Municipal | Suffolk, ss. |
|---|---|---|
| SOSSIO | | (Bowen and Cohen) |
| v. RUSSELL | | (Badger, Pratt, Doyle & Badger) |

From the Municipal Court of Boston—Brackett, J.
Argued Feb. 16, 1942—Opinion filed May 11, 1942

KENISTON, J. (Putnam, C. J., and Zottoli, J.)—This is an action of tort in which the plaintiff seeks to recover for injuries received as a result of a fall caused by his foot turning in a hole in a bulkhead on the sidewalk in front of the premises at 395 Atlantic Avenue, owned by the defendant.

The husband of the defendant testified that he managed the property in question for his wife and on direct examination was asked the following two questions put to him by the defendant, both of which were excluded as immaterial upon objection of the plaintiff and to both which questions the defendant expected affirmative answers:

"1. Do you, of your own knowledge, know that the first floor and basement of 395 Atlantic Avenue was occupied by a single tenant at the time alleged in the plaintiff's declaration and from August, 1939?

2. Is there a memorandum or written document signed by you and a tenant, Mr. Miller, which defines the terms of this occupancy?"

The same witness also testified that only the tenant used

the cellar in the premises and that the bulkhead led only to the cellar.

The defendant made the following requests for rulings all of which were denied by the Court:

1. The evidence does not warrant the finding that the plaintiff was in control of the place where the plaintiff is alleged to have fallen. *City of Boston* v. *Gray,* 144 Mass. 53.

2. The evidence does not warrant a finding that the defendant was negligent.

3. If the first floor and basement of the premises referred to were demised to a tenant either by lease or under a tenancy at will, and to him alone, the defendant as owner is not in control of the bulkhead in the sidewalk.

The Court denied the defendant's three requests and found the following facts:

"This is an action of tort for personal injuries alleged to have been received by the plaintiff through a fall upon the sidewalk opposite the premises numbered 395 Atlantic Avenue in the City of Boston, said fall having been occasioned by the plaintiff's catching his heel in a hole in one of the boards of the bulkhead leading to the basement of said premises which had been let by the defendant as the owner thereof to a third party to whom the defendant had also let the first floor of the building.

I find that the defect in question had existed a sufficient length of time prior to the accident so that the defendant either knew or should have known of its existence. There was no evidence that the defendant or any one representing her had made use of the premises let to said tenant since the letting thereof or had ever made any repairs upon the bulkhead in question. There was evidence, however, that some person other than the defendant or her representative repaired the defective condition in said bulkhead, hereinbefore referred to, a short time subsequent to the accident sustained by the plaintiff.

The only question as to the control of the premises in question was contained in the defendant's answer to the following interrogatory propounded by the plaintiff to her: Int. 5. Was the defendant in control of all or any of the premises referred to in the plaintiff's declaration at the time alleged in the plaintiff's declaration, more particularly the wooden bulkheads on and adjacent to said premises? The defendant's answer to this interrogatory was as follows: 5. Subject to the right of tenants and others, she was.

Upon the foregoing facts I find as a fact that the defendant was in such control of said premises as to make her responsible to third persons who sustained any injuries owing to the defective condition of said bulkhead and that the plaintiff's accident was solely attributable to the defendant's negligence in

[ 148 ]

failing to repair said bulkhead under the conditions herein-before referred to.

Upon the whole case I find for the plaintiff in the sum of $150."

The defendant brings this appeal upon the denial of the three requests and upon the exclusion in evidence of the two questions put to the witness Russell.

To sustain a finding for the plaintiff, negligence on the part of the defendant, due care on the part of the plaintiff, and injury or damage to the plaintiff as a result of the defendant's negligence, must be established.

There was sufficient evidence to support a finding for the plaintiff upon all these three elements and no question relative thereto is raised by the requests or by the defendant's brief or argument except that relating to the defendant's negligence; that is whether the premises, the defective condition of which caused the plaintiff's injuries, were under the control of the defendant or that the defendant was responsible therefor.

The defendant in her answer to the plaintiff's interrogatory relative to the control of the premises and particularly the bulkheads, has answered, "Subject to the rights of tenants and others she was." The rights of an owner are paramount to any tenancy and an owner is in exclusive control unless divested thereof or relieved therefrom by the terms of such tenancy. Whether the owner or the tenant is in control of the premises is ordinarily a question of fact. *Hilden* v. *Naydor*, 223 Mass. 290.

The defendant was the owner of the premises and the answer admits control, "Subject to the rights of tenants and others." Such an admission without a more precise denial or explanation of facts peculiarly within her knowledge would justify an inference by the Court that she had such control of the premises as to make her responsible for their defective condition. See *Cochrane* v. *Great Atlantic & Pacific Tea Co.* 281 Mass. 386.

There was, therefore, no error in denying the first request. As there was evidence that there was a defective condition in the bulkhead, that it had existed for some time and that the defendant was in control of the premises, there was no error in denying the second request.

The third request could not properly have been granted. It does not follow because the first floor and basement had been demised to a tenant that the plaintiff as owner may not still have been in control of the bulkhead or obligated to make repairs.

The remaining alleged grievances relate to the two questions of evidence excluded by the court. The exclusion of the first question does not amount to prejudicial error as the court has found that the first floor and basement "had been let by the defendant as the owner thereof to a third party." This

is all the defendant could have hoped to establish by an affirmative answer to this question.

The second question to which the defendant expected an affirmative answer was as follows, "Is there a memorandum or written ·document ·signed by you and a tenant, Mr. Miller, which defines the terms of his occupancy?"

This is a preliminary question and as such was not objectionable. Its exclusion as immaterial indicated an intention by the Court to exclude the memorandum or document itself. This was obviously wrong. If the memorandum or document tended to show that control of the locus in question was in the tenant and not in the owner, it was material. Control can be proved by direct evidence as well as by admission or answers to interrogatories or even by circumstantial evidence. *Maionica* v. *Piscopo*, 217 Mass. 324.

The defendant, by her answer to the interrogatory, has not made such an admission as to the control of the premises that she is precluded from offering any further evidence relative thereto. We do not know what were the contents of the memorandum or document. It might or might not have affected the Court's decision, but it was at least competent evidence and we cannot say that the defendant was not prejudiced by its exclusion.      *New trial ordered.*