## Isaac WHITAKER

v.

## Ms. Carla HILLS, Secretary of the Department of Housing and Urban Development of the United States of America.

### Civ. A. No. 76–317.

United States District Court, E. D. Pennsylvania.

May 6, 1977.

Ira Silverstein, Philadelphia, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., E. D. Pa., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is the motion of the United States of America to dismiss or in the alternative for Summary Judgment. This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for injuries sustained by plaintiff when he slipped and fell on ice on the sidewalk in front of the premises at 764–766 Coates Street, Coatesville, Pennsylvania, owned by the Department of Housing and Urban Development (HUD). The Government moves for a judgment in its favor on the grounds that the complaint fails to state a claim upon which relief can be granted and/or that the United States is entitled to judg-

ment as a matter of law. For the reasons set forth in this Opinion, the motion must be denied.

Any inquiry in a case of this type must begin with the Federal Tort Claims Act (Act). It is a cornerstone of our legal and governmental system that the sovereign cannot be sued without its consent. The Act grants this consent in certain cases, but as is the case with all consents to suit, it is to be strictly construed. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Appeals to convenience, necessity, reason and justice simply will not supply the requisite consent. *Wells v. United States*, 214 F.2d 380 (5th Cir.), *cert. denied*, 348 U.S. 855, 75 S.Ct. 80, 99 L.Ed. 674 (1954).

In 28 U.S.C. § 2674, the Act grants limited consent to suit stating,

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.

28 U.S.C. § 1346 gives exclusive jurisdiction to the District Court of tort suits against the United States,

> for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Under these sections, the relevant inquiry here is whether the United States, acting through its officer, Mrs. Hills, would be liable for plaintiff's fall under Pennsylvania law if it were a private individual. More specifically, the question is whether a Pennsylvania real property owner is liable under the circumstances of this case for plaintiff's fall on an icy sidewalk in front of his premises.

At this juncture, a fuller exposition of the facts of this case will prove helpful. On January 14, 1975, the date of the accident, HUD held title to the premises at 764–766 Coates Street in Coatesville. The building was not in use. HUD had contracted with Chester Realty, a local real estate firm, to act as an Area Management Broker with respect to the building. The contract is a part of the record on this motion and the government contends that it absolves HUD of all liability to plaintiff as a matter of law. The contract, standing alone, however, indicates only that Chester Realty assumed general responsibility to secure and maintain the building. Ice and snow removal is not specifically mentioned. In addition, some portions of the contract indicate that the government will supply labor for maintenance work. On a motion for summary judgment, the contract is at best inconclusive.

Many Pennsylvania cases establish that property owners have a duty to pedestrians to clear ice and snow from the sidewalk in front of their properties. *Williams v. Shultz*, 429 Pa. 429, 240 A.2d 812 (1968); *Weingreen v. Gomberg*, 416 Pa. 567, 207 A.2d 781 (1965); *Green v. Rabinowitz*, 405 Pa. 517, 176 A.2d 419 (1962); *Bacsick v. Barnes*, 234 Pa.Super. 616, 341 A.2d 157 (1975); *Bowser v. Kuhn*, 160 Pa.Super. 31, 49 A.2d 852 (1946). In addition, in this case, such a duty is specifically imposed by § 139–20 of the Code of Ordinances of the City of Coatesville, which provides:

> . . . it shall be the duty . . . of the owner of all unoccupied property to remove at his or her expense all snow or ice from the sidewalks and gutters abutting on the property occupied or owned by him or them within a period of six (6) hours after the cessation of any fall of snow.

Breach of a duty established by statute or ordinance can establish negligence. *Quinones v. Upper Moreland Township*, 293 F.2d 237 (3d Cir. 1961); *Ridley v. Boyer*, 87 Dauph. 81, *aff'd* 426 Pa. 28, 231 A.2d 307 (1967).

Under Pennsylvania law, however, liability for maintenance of premises does not

always lie with the holder of legal title. Rather, it follows possession and control of the land. *Williams v. Wolf*, 169 Pa.Super. 628, 84 A.2d 215 (1951); *Bagley v. City of Philadelphia*, 148 Pa.Super. 318, 25 A.2d 579 (1942). This principle is most clearly established in the landlord-tenant situation where the landlord has leased the entire premises and placed the tenant in complete possession and control. *Dinio v. Goshorn*, 437 Pa. 224, 270 A.2d 203 (1970); *Knickerbocker v. City of Scranton*, 344 Pa. 317, 25 A.2d 152 (1942); *Briggs v. City of Philadelphia*, 316 Pa. 48, 173 A. 316 (1934).

The doctrine would logically be applied in any situation where the owner holds title only while another exercises possession and control. On the present state of this record, however, the Court cannot conclude that it would apply here. First, the management contract, by itself, is inconclusive on the issue of who had possession and control. It provides only for management and maintenance duties. Fuller development of the record is necessary to decide this issue. Further, under Article 2 of the contract, at least some labor for maintenance was to be supplied by the government. If this labor were responsible for ice and snow removal, then the government may be liable on the basis of employee negligence.

Second, it is not yet possible to say who had possession of the building. Since it was vacant, it may be that no one had possession. Under Pennsylvania law, if no one is in possession, the legal owner is liable. *Palmore v. Morris, Tasker & Co.*, 182 Pa. 82, 37 A. 995 (1897); *Grier v. Sampson*, 27 Pa. 183 (1856). Even if the record should show that HUD had reasonably contracted with Chester Realty to perform its duties with respect to the property, as against third parties, these duties have been held to be nondelegable. *Wagner v. Grannis*, 287 F.Supp. 18 (W.D.Pa.1968); *Fitzpatrick v. Penfield*, 267 Pa. 564, 109 A. 653 (1920).

The foregoing clearly shows that plaintiff could, at trial, prove facts sufficient to impose a duty on an individual property owner in this case. Accordingly, under the Act, plaintiff could prove that the United States had a duty and that it was breached. This is not to say that plaintiff will be able to establish liability, but it is obvious that there are disagreements over material factual issues which necessitate a trial to resolve. In such a case a motion for summary judgment cannot be granted.